(Opinion published 56 N. W. Rep. 464.)

———

LONDON & NORTHWEST AMERICAN MORTGAGE CO. *vs.* JOHN FITZGERALD *et al.*

Argued Oct. 9, 1893.    Affirmed Oct. 18, 1893.

No. 8158.

**A surety will not be subrogated, to the prejudice of the creditor.**
The right of a creditor to retain a pledge or mortgage security for his benefit until the indebtedness secured thereby is paid in full is superior to the equity of a surety who has paid a part only of such debt.

**This principle applied to the facts in this action.**
And, where a mortgage is given to secure several notes, a surety upon one note is not entitled to subrogation until all the notes are paid.

Appeal by defendants, David L. How and others, from an order of the District Court of Ramsey County, *James J. Egan,* J., made December 5, 1892, denying their motion for a new trial.

The plaintiff, the London and Northwest American Mortgage Company (Limited), a British Corporation, brought this action at law upon a promissory note made by defendant, John Fitzgerald, March 12, 1887, for $1,550 and interest due two years after its date and indorsed by defendant How and eight others. At maturity the note was presented for payment, but was not paid and was protested for nonpayment and notice given the indorsers.

How and the other indorsers by their answer admitted all the allegations in the complaint, but alleged that on March 12, 1887, they jointly owned Block one (1) in Oakview Addition to South St. Paul and sold and conveyed it on that day to Fitzgerald. That to secure a part of the purchase price Fitzgerald gave to them the note in suit and another note for a like amount and interest, due one year after its date. That Fitzgerald secured the payment of both

notes by a mortgage to them on the block. That they thereafter indorsed the note in suit and sold both notes to the plaintiff and assigned to it the mortgage. That no part of the $3,100 principal had been paid, but the interest had been paid on both notes to March 12, 1890. They offered to pay this note in suit if plaintiff would assign to them a half interest in the mortgage, and they demanded judgment permitting them to pay the note in suit and directing plaintiff to deliver it to them and to assign to them an undivided half interest in the mortgage. .

At the trial these allegations of the answer were admitted to be true and on this statement, the case was submitted for determination. The Court afterwards on September 16, 1892, filed findings of the facts as above stated, and directed that plaintiff have judgment for the amount of the note in suit; that the mortgage stand as security for the payment to plaintiff of the other note in full; and that only after both notes are paid will defendants be entitled to the mortgage security for the part paid by them.

Defendants moved for a new trial on the ground that the decision was contrary to law. The motion was denied and they appeal.

*William G. White* and *Southworth & Coller*, for appellants.

Upon payment by defendants of the note in suit, they will be entitled to that note and also, as that note represents just one-half of the debt secured by the mortgage, they will be entitled to one-half interest in the mortgage. The fact that the other note first matured, gives it no superior right in the security. *Wilson* v. *Eigenbrodt*, 30 Minn. 4; *Hall* v. *McCormick*, 31 Minn. 280. The right of subrogation applies where the surety pays a part of the secured debt, as well as where he pays it all. *Dick* v. *Moon*, 26 Minn. 309.

When a defendant desires to be subrogated to the rights of the plaintiff in a security for the debt, he may in his answer allege the facts, and the Court may require the plaintiff to execute and file a transfer of the security to be delivered on payment of the judgment. *Knoblauch* v. *Foglesong*, 37 Minn. 320; *Barton* v. *Moore*, 45 Minn. 98.

*James H. Foote*, for respondent.

In the absence of contract the law implies the right in the creditor to hold all his security till the whole sum advanced is paid.

1 Story Eq. J. § 502a; *Farebrother* v. *Wodehouse,* 23 Beav. 18; *Williams* v. *Owen,* 13 Simons, 597; *Harlan* v. *Sweeny,* 1 Lea, 682; *Swan* v. *Patterson,* 7 Md. 164; *Union Bank of Maryland* v. *Edwards,* 1 Gill & J. 346.

The right of subrogation cannot be enforced until the whole of the debt is paid. Until the creditor is wholly satisfied there ought to be no interference with his rights or his securities which might, even by bare possibility, prejudice or embarrass him in any way in the collection of his claim. *New Jersey, &c., R. Co.* v. *Wortendyke,* 27 N. J. Eq. 658; *Kyner* v. *Kyner,* 6 Watts, 221; *Gannett* v. *Blodget,* 39 N. H. 150; *Neptune Ins. Co.* v. *Dorsey,* 3 Md. Ch. 334; *Grove* v. *Brien,* 1 Md. 438; *Zook* v. *Clemmer,* 44 Ind. 15; *Rice* v. *Morris,* 82 Ind. 204; *Rooker* v. *Benson,* 83 Ind. 250; *Phenix Ins. Co.* v. *First National Bank,* 85 Va. 765.

Subrogation is purely an equitable right and the Court ought to deny it in all cases where its exercise would work injustice. *Stamford Bank* v. *Benedict,* 15 Conn. 437; *Magee* v. *Leggett,* 48 Miss. 139; *Hollinsworth* v. *Floyd,* 2 Harr. & G. 87; *Gannett* v. *Blodgett,* 39 N. H. 150; *Belcher* v. *Hartford Bank,* 15 Conn. 381; *Union Bank of Md.* v. *Edwards,* 1 Gill & J. 346; *Kyner* v. *Kyner,* 6 Watts, 221.

No doubt the defendants, upon paying the amount of the note sued on, would have an equitable interest in the mortgage security, but it would be an interest which must wait until the entire claim of the plaintiff is satisfied. If plaintiff should foreclose the mortgage and the proceeds of the sale should more than pay the other note, the defendants would be entitled to the surplus. *Solberg* v. *Wright,* 33 Minn. 224.

VANDERBURGH, J. Defendant Fitzgerald executed two notes, for $1,550 each, to his codefendants, as payees, which notes are secured by mortgage. Before maturity the payees sold and indorsed the notes, and assigned the mortgage to the plaintiff. One of the notes, being the note in suit, was protested for nonpayment, and the indorsers duly charged as such. In this action upon that note, the defendants, (indorsers,) in their answer, ask that, as a condition of the payment thereof by them, the plaintiff should be required to transfer to them the note, and assign to them a proportionate in-

terest in the mortgage security, it being admitted that the other note is still outstanding and unpaid. The relief asked by the defendants was denied by the court, except upon the condition that the subrogation in their favor should be subject to and subordinate to the rights of the plaintiff in the mortgage as security for the remaining note.

The mortgage is security for both notes, but the plaintiff, the assignee thereof, and the owner of the notes, will not be treated as trustee of a proportionate interest therein for the benefit of sureties who may pay part of the debt only. Their indorsement is additional security, but the holder of the mortgage is not obliged to part with his security, or any part of it, until the whole indebtedness secured thereby is paid. Their rights to the security are subordinate to his.

Had the mortgage been given to secure notes held by different parties, or had one note been transferred to a purchaser without reserving any preference in the security, the cases cited by the appellant would be in point. But since the claim of a surety to subrogation is purely an equitable one, and does not rest upon any contract, it cannot prevail, unless it is shown to be just and reasonable; that is to say, a surety can only be substituted in the place of the creditor upon equitable conditions. Hence it is obvious that the court will not interfere, as against the principal creditor, to compel him to surrender any part of the property or security pledged for his benefit, until the whole of the indebtedness for which it is so pledged is paid. To do so would be a clear violation of his rights under the contract by virtue of or under which he holds the security. *Wilcox* v. *Bank*, 7 Allen, 272, and cases cited. And it is entirely immaterial whether there be one or more separate debts, or whether, where there are several debts, they are secured by the same or different sureties, for the object of the pledge or mortgage is the protection of the holder in respect to each and all of the several debts which it was given to secure. If, then, the answering defendants desire to secure the benefit of the mortgage in question, they must first pay the amount due upon both notes, when they will be entitled to be substituted in the place of the plaintiff, and to enforce the mortgage for their own benefit.

This case is distinguishable from that of *Nettleton* v. *Ramsey Co.*

*L. & L. Co.*, 54 Minn. 395, (56 N. W. Rep. 128,) for reasons stated in the opinión in that case, in which the objection was urged by the principal debtor, whose obligation to pay the whole amount of several debts was absolute, and collateral securities were not involved.

Order affirmed.

(Opinion published 56 N. W. Rep. 464.)