## LUMBERMEN'S INSURANCE CO. vs. MILTON A. SPRAGUE.

Submitted on briefs Nov. 8, 1894.    Affirmed Nov. 28, 1894.

No. 8950.

**One asking subrogation must first pay the holder in full.**

Where L. holds a mortgage security for a debt, and S. seeks to be subrogated to the rights of L. in the security, he must pay the secured debt before he is entitled to the security. And when this is done the court, in the exercise of its equitable powers, can, if necessary, compel a transfer to him of the mortgage security.

Appeal by defendant, Milton A. Sprague, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made March 24, 1894, sustaining a demurrer to his answer.

On November 7, 1885, Carl A. Anderson owned a part of lot ten (10) in block thirty-nine (39) on First avenue south near Second street in Minneapolis. On that day he made his note to Amos B. Coe and Frank W. Forman for $10,000 due five years thereafter with interest at the rate of seven per cent per annum payable semiannually. To secure its payment Anderson and wife mortgaged this lot to Coe and Forman. They assigned the note and mortgage February 8, 1886, to Minnesota Loan and Trust Company.

On April 27, 1886, Anderson and wife sold and conveyed the real estate subject to the mortgage to John F. Travis and he and wife on August 21, 1886, conveyed it to said Amos B. Coe. He and wife on January 16, 1888, conveyed it to defendant. While defendant held title the note and mortgage fell due and on November 7, 1890, he agreed with the Minnesota Loan and Trust Company for an extension of the time for payment of the note and mortgage for three years from December 1st then next; and to secure the payment semiannually of the interest thereafter accruing thereon, he gave it his six notes for $350 each falling due, one at the expiration of each six months thereafter. He paid the first three when they fell due. But on October 29, 1892, he sold and conveyed to Theodore Wetmore the real estate subject to the mortgage, which debt including the three unpaid interest notes not then due Wetmore assumed and agreed to pay as a part of the purchase price. Mean-

time, the Minnesota Loan and Trust Company sold and assigned all the unpaid notes and the mortgage to the plaintiff, the Lumberman's Insurance Company and it on January 27, 1894, brought this action against Sprague to recover of him the amount of the three unpaid notes for $350 each. Defendant by his answer stated the facts above recited and asked that on payment by him of these three notes he be given a *pro rata* share and interest in the mortgage securing the whole debt. Plaintiff demurred to the answer, the court sustained the demurrer and defendant appeals.

*P. M. Woodman,* for appellant.

The answer shows that the defendant is in the position of surety and not primarily liable for this debt. Under *Knoblauch* v. *Foglesong,* 37 Minn. 320, he is entitled to have assigned to him a *pro rata* interest in the mortgage security and until that is done he has an equitable defense to the action. A single mortgage securing several promissory notes maturing at different times will be regarded in equity as so many successive mortgages. The maker of a mortgage has in equity the right to be placed in the position of the holder of the security upon payment of the same. *Johnson* v. *Zink,* 52 Barb. 396; *Marsh* v. *Pike,* 10 Paige, 595; *Cherry* v. *Morris,* 2 Barb. Ch. 618.

*W. J. Hahn* and *J. M. Martin,* for respondent.

Defendant must offer to pay the $10,000 as well as the three interest notes in suit to entitle him to subrogation. The case of *Knoblauch* v. *Foglesong,* 37 Minn. 320, relied upon by the defendant, gives no support to his contention. As a condition precedent to subrogation full payment of the entire indebtedness secured by the mortgage must be made or offered to be made. *London & N. W. Am. Mortgage Co.* v. *Fitzgerald,* 55 Minn. 71; *Wilcox* v. *Fairhaven Bank,* 7 Allen, 270; *Stamford* v. *Benedict,* 15 Conn. 437; *Kyner* v. *Kyner,* 6 Watts, 221; *Hollingsworth* v. *Floyd,* 2 Har. & G. 87; *Rice* v. *Morris,* 82 Ind. 204; *Leonard* v. *Swanson,* 58 Minn. 231.

BUCK, J. This action was brought upon three promissory notes for $350, each executed by the defendant, Sprague, to the Minnesota Loan & Trust Company, and by it transferred before maturity,

for value, to this plaintiff. The defendant admits the making of the notes, and alleges that they were made solely and for the purpose only of securing an extension in the time of the payment of the principal sum of $10,000. The answer is not very explicit in regard to the making of these notes, except as to the purpose for which they were made, but from an examination of the whole record, and the admissions of the appellant's counsel in his brief, we assume that the notes in suit were given for three semiannual installments of interest falling due upon the mortgage of $10,000 described in the answer, which had been executed upon certain real estate by one Anderson and his wife to A. B. Coe and F. W. Forman, payable in five years, and which, by various assignments, was finally transferred to plaintiff, with the note of $10,000 which it secured. The note and mortgage of $10,000 were dated November 7, 1887, payable in five years from date, with interest at the rate of seven per cent. per annum.

After the execution of the note and mortgage the premises therein described were conveyed several times to different persons, of whom defendant Sprague was one, and he conveyed the same to one Wetmore, in 1892; and, by the terms of the deed, Wetmore agreed to pay the $10,000. Wetmore owned the property at the time of the commencement of this action, and was then in possession.

The contention of the defendant is that, by the terms and conditions of said conveyance, Wetmore assumed and agreed to pay said mortgage of $10,000, and interest thereon,—the interest being the consideration for which the notes sued upon were given,—and that Wetmore became primarily liable therefor, and that, Wetmore being in possession of said premises, defendant is powerless to protect himself against loss, should he be compelled to pay the notes sued upon. The defendant also contends that, as a condition precedent to his being compelled to pay said notes, he is entitled to have from the plaintiff an assignment of said notes sued upon, together with a pro rata interest in the mortgage securing the same.

The plaintiff interposed a demurrer to the whole of the answer, upon the ground that it appeared upon the face thereof that it did not state facts sufficient to constitute a defense. The principal note of $10,000 is still unpaid. This is owned by plaintiff, and secured by a mortgage upon the premises owned by Wetmore. That the

plaintiff has a perfect right to bring suit upon these notes seems unquestionable. If the defendant desire to have the benefit of the mortgage security, he should pay the mortgage debt, including accrued interest. In his answer he does not offer to pay this debt, principal or interest, nor does he express any willingness to do so. He does not bring the amount necessary for such purpose into court, nor allege that he ever tendered to the plaintiff the amount necessary to discharge the mortgage security. He certainly cannot be subrogated to the rights of the plaintiff until he pays the security held by the plaintiff, and when this is done the court, in the exercise of its equitable powers, can, if necessary, compel a transfer to him of the security. See *London & N. W. Am. Mortgage Co.* v. *Fitzgerald*, 55 Minn. 71, (56 N. W. 464.) The order sustaining the demurrer to the answer is affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1101.)