Samuel Musgrave *v.* H. A. Dickson and also M. E. Bailey and Richmond Boler, partners doing business as Bailey & Boler, Appellants.

*Principal and surety—Subrogation—Partial payment—Equity.*

Subrogation rests upon purely equitable grounds, and will not be enforced against superior equities.   Unless the surety pays the debt in full he is not entitled to subrogation, and until this is done the creditor will be left in full possession and control of the debt and the remedies for its enforcement.

The settlement of an account between a surety and the debtor fixes the amount of the liability of the latter and the extent of the right to indemnity, but it does not affect the right of subrogation, which is never allowed to the prejudice and injury of the creditor.

*Practice, C. P.—Practice, S. C.—Exception to commissioner's report—Assignment of error.*

Where an answer is filed to a petition for subrogation denying that the debt has been paid in full, and the case is referred to a commissioner who reports in favor of subrogation without noticing the averment of the answer, and the report is sustained by the court without taking into consideration the averment of the answer, and the omission is made the subject of an exception to the report and also of an assignment of error, the Supreme Court is bound to consider the question, although its importance may have been an afterthought.

Argued Oct. 29, 1895.   Appeal, No. 107, Oct. T., 1895, by defendants, from order of C. P. No. 2, Allegheny Co., Oct. T., 1889, No. 218, overruling exceptions to commissioners' report. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Exceptions to commissioner's report.

From the record it appeared that Samuel Musgrave obtained a rule on H. A. Dickson to show cause why the said Musgrave should not have subrogation of the judgment Dickson had

obtained against Bailey & Boler in an action in replevin founded on a distraint for rent, because he, the said Musgrave, had paid the judgment obtained against Bailey & Boler, J. C. Dickson and himself, in the action on the bond that had been given as required by law when the replevin action was instituted.

H. A. Dickson in his answer claimed that subrogation should not be allowed, for the reasons: first, that there was still due him $143.45 and $45.00 costs on account of the judgment of which subrogation was desired; second, that said Musgrave, by going on the bond, enabled Bailey & Boler to retain possession of a brickyard, thereby becoming further indebted to him for rent in the sum of $600, which had not been paid.

The case was referred to J. H. Miller, Esq., as commissioner, who, without taking into consideration the averments of the answer above stated, recommended a decree in favor of S. Musgrave to the amount of $872.70.

H. A. Dickson filed among others, the following exception to the commissioner's report:

" The commissioner erred in not finding that on December 31, 1893, there remained unpaid on the judgment entered in this case $143.45 and $45.00 costs, no part of which has since been paid."

The court overruled exceptions to the commissioner's report, and entered a decree in accordance with his recommendation.

*Error assigned* among others was, (1) in not finding that of the judgment of which subrogation is asked there remained unpaid $143.45 and $45.00 costs.

*W. I. Craig*, for appellants.—Musgrave is not entitled to subrogation: Bank's App., 19 W. N. C. 78; Hoover v. Epler, 52 Pa. 522; Kyner v. Kyner, 6 Watts, 221.

By going on the replevin bond, S. Musgrave enabled Bailey & Boler to become further indebted to H. A. Dickson in the sum of $600, and also delayed the collection of said $143.45, subrogation should not be allowed: Armstrong's App., 5 W. & S. 352; Lathrop's App., 1 Pa. 512; Hartman's App., 6 Pa. 76; Keely v. Cassety, 93 Pa. 318; Wagner v. Elliott, 95 Pa. 487.

*J. M. Stoner* and *J. Charles Dicken*, for appellee.

OPINION BY MR. JUSTICE FELL, January 6, 1896:

This proceeding is founded upon a petition by Samuel Musgrave, one of the sureties on a replevin bond, for subrogation to the rights of the plaintiff in the judgment.   An answer was filed by the appellant, the plaintiff, in which he averred that the judgment had not been fully paid, and in which he stated other supposed equitable grounds in denial of the right claimed. A separate answer was filed by the defendants, in which they alleged that they had transferred their property and business to the co-surety, J. C. Dicken, to secure him and Samuel Musgrave from any loss they might sustain by reason of the bond, and that from the management of their business an amount had been realized by Dicken more than sufficient to cover the payment made by Musgrave.  It was agreed by both sureties that the amount due the defendants from the management of the business should be credited by Musgrave on account of the money which he had paid.   The issues thus raised were referred to a commissioner.   The terms of the reference do not appear from the record, but it is stated in the appellee's history of the case that the commissioner was " to take testimony and find the facts in issue by the petition and answers."

The commissioner having taken and considered the testimony reported that the defendants, after the allowance of all proper credits, were indebted to the petitioner in the sum of $872.70, and to this amount subrogation was ordered by the court.   A large part of the testimony has not been brought up with the record.   From an examination of what appears we see no reason to doubt the correctness of the conclusion reached either as to the obligation to account or as to the amount due. The issue raised by the answer of the plaintiff seems to have been wholly ignored.   Whether any testimony was taken under this issue we are not informed.   None appears with the record. Its omission would be ground for the affirmance of the order if there was a finding and report by the commissioner.   Neither has been made.   In the whole proceeding as it is presented no reference is made to this issue from the time it is raised by petition and answer until it is finally disposed of by the order making absolute the rule to show cause why subrogation should not be allowed.   Its importance may have been an afterthought, but the issue is one which cannot now be disregarded.   It is

distinctly raised, and is the subject of an exception to the report of the commissioner and of a specification of error.

Subrogation rests upon purely equitable grounds, and it will not be enforced against superior equities. Unless the surety pays the debt in full he is not entitled to subrogation, and until this is done the creditor will be left in full possession and control of the debt and the remedies for its enforcement: Dering v. Earl of Winchelsea, 1 Leading Cases in Equity, 120 ; Kyner v. Kyner, 6 Watts, 221 ; Bank v. Potius, 10 Watts, 148 ; Hoover v. Epler, 52 Pa. 522 ; Allegheny National Bank's Appeal, 19 W. N. C. 78. The settlement of the account between the sureties and the defendant fixed the amount of the liability of the latter and the extent of the right to indemnity, but it did not affect the right of subrogation, which will never be allowed to the prejudice and injury of the creditor.

The judgment is reversed and the record is remitted to the court of common pleas in order that there may be a finding upon the issue raised by the answer of the appellant.