## BARTON *v.* MATTHEWS.

Opinion delivered December 15, 1919.

SUBROGATION—PAYMENT OF DEBT.—Before the right of subrogation can be claimed, the party seeking to be subrogated to securities in the hands of another must have paid the entire debt of the third person, payment of a portion only of the debt not giving rise to the right.

Appeal from Pope Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*R. S. Hudson,* for appellant Barton.

1. Barton was clearly subrogated to the rights of T. M. Neal. 54 Ark. 273; 86 Ga. 198; 124 Ind. 254; 123 Ala. 325; 71 Iowa 106.

2. The deed of Mary J. Matthews to her mother was void because she was one of the parties to receive the benefit of the foreclosure sale to Barton and because made for the benefit of a debtor when insolvent. 10 Ala. 231; 3 Md. 11; 47 W Va. 156; 69 N. Y. 187.

3. As to Barton's right to subrogation, see also 56 Ark. 73, 85 Ala. 233. Payment of the entire debt was not a condition precedent; part payment was sufficient. 147 Ind. 406; 96 *Id.* 21.

*R. W. Holland,* for appellee.

1. The purchaser of land at judicial sale buys at his risk so far as title is concerned, and is charged with all the equities against it. *Caveat emptor* applies. 22 Ark. 92; 32 *Id.* 321. Barton paid his money and got what he purchased, 80 acres of land belonging to the estate of A. J. Matthews, deceased. The court was the vendor, and when the sale was confirmed it was a completed transaction. 53 Ark. 413.

2. Subrogation need not be argued; but, if so, Barton did not pay the whole debt but only a *part.* 90 Ark. 51; 96 *Id.* 594; 76 *Id.* 245. The decree is right, equitable and just, and there is no equity in appellant's claim.

SMITH, J. A. J. Matthews in his lifetime owned the south half northeast quarter section 34, township 8

north, range 20 west, and executed a mortgage thereon, in which his wife Lavissa joined, to one T. M. Neal, to secure a debt of $1,650. Matthews died, and a suit was brought against his widow and heirs to foreclose this mortgage. In the decree rendered in that cause it is recited that L. E. Barton tendered into court the sum of three thousand dollars as his bid for the land, and that bid was accepted and a commissioner appointed to execute a deed to Barton. The mortgage debt, which appears to have been reduced to the sum of $744.50, was ordered to be first paid, and the sum of $1,600 was ordered appropriated and applied to the payment of the purchase price of the south half southwest quarter section 26, township 8 north, range 20 west, which the widow had bought as a homestead for herself and her children, and the remainder was ordered to be paid to certain of the children. This decree was rendered December 11, 1916.

There were ten of these children, one of whom was named Mary J. Matthews, and against whom a judgment for $720 was rendered in the chancery court on September 16, 1916, in favor of one J. W. Turnbow. On November 1, 1916, Mary J. Matthews executed to her mother a deed to her interest in the land in section 34, and about that time the other adult children did likewise.

On September 13, 1917, an execution issued on the Turnbow judgment, which was levied on the undivided interest of Mary J. Matthews in the lands in section 34, whereupon Barton brought suit to restrain the sheriff from selling that interest. A decree was entered in that cause on October 19, 1917, in which the court found that the interest of Mary J. Matthews in the land in section 34, after discharging the mortgage indebtedness, was $200, and that Turnbow was entitled to receive, by virtue of his judgment and execution thereunder, the sum of $200 from the sale of said land. The court thereupon ordered that Barton pay to Turnbow the sum of $200, whereupon he "should be subrogated to all the rights of said J. W. Turnbow under said judgment to the extent of the present interest of the said Mary J. Matthews as

heir at law of the said A. J. Matthews." No question is raised as to the validity of either of these decrees.

Thereafter Lavissa Matthews, the widow of A. J. Matthews, brought this suit against Barton and Mary J. Matthews to quiet her title to the land in section 26; and an answer and cross-complaint was filed by Barton, in which he prayed that he be subrogated to all the rights of J. W. Turnbow against the said Mary J. Matthews in and to her one-tenth interest in the estate of A. J. Matthews, deceased. The relief prayed by the widow was granted, and that prayed by Barton was denied, and this appeal has been prosecuted from that decree.

The court properly denied Barton's prayer for subrogation, for the reason that he had paid a portion only of the debt due Turnbow. In *Richeson* v. *National Bank of Mena,* 96 Ark. 601, we quoted from *Bank of Fayetteville* v. *Lorwein,* 76 Ark. 245, the following statement of the law:

"Before the surety can claim the right to the benefit of any of the securities, he must first pay the entire debt of the principal for the payment of which the securities were given. As is said in the case of *Bank of Fayetteville* v. *Lorwein,* 76 Ark. 245: 'The right of subrogation can not be enforced until the whole debt is paid, and until the creditor be wholly satisfied, there ought to and can be no interference with his rights or his securities which might, even by bare possibility, prejudice or embarrass him in any way in the collection of the residue of his claim.' Sheldon on Subrogation, sec. 127; 4 Pom. Eq. Jur, sec. 1419, 27 Am. & Eng. Ency. Law 210; *McConnell* v. *Beattie,* 34 Ark. 113, and cases cited in *Bank of Fayetteville* v. *Lorwein, supra.*"

See also Sheldon on Subrogation (2 Ed.), secs. 14, 70; *Jones* v. *Harris,* 90 Ark. 51, 55; *Plunkett* v. *State Nat. Bank,* 90 Ark. 80, 83, *State ex rel. Luck* v. *Atkins,* 53 Ark. 303; *McConnell, Admr.,* v. *Beattie, Admr.,* 34 Ark. 113; *Schoonover* v. *Allen,* 40 Ark. 132, 137, 138; *Receivers of N. J. Midland Ry. Co.* v. *Wortendyke,* 27 N. J. Eq. 658; *Morrow* v. *U. S. Mortgage Co.,* 96 Ind. 21; *Lumberman's*

*Ins. Co.* v. *Sprague,* 59 Minn. 208, 60 N. W. 1101; *Muller* v. *Flavin,* 13 S. D. 595, 610; *Featherstone* v. *Emerson,* 14 Utah 12; *Kyner* v. *Kyner,* 6 Watts (Pa.) 221.

Decree affirmed.