VILLAGE OF ARGYLE v. FIRST NATIONAL BANK OF
ARGYLE AND ANOTHER.[1]

November 9, 1928.

No. 26,943.

**Judgment sustained in favor of surety of depository bank.**
> On the facts in this case, there was no default by the surety in the
> obligations assumed by it.

Depositaries, 18 C. J. § 63 p. 589 n. 36.

Action in the district court for Marshall county to recover upon
a depository bond expiring April 22, 1924, given by defendant bank
to plaintiff upon which defendant surety company was surety.
There were findings that the plaintiff take nothing against the
surety company, but that it have judgment against the bank for
$10,710.68, the amount of plaintiff's credit with the bank on Janu-
ary 15, 1927, when it became insolvent. From an order, Grindeland,
J. denying its motion for a new trial, plaintiff appealed. Affirmed.

*E. A. Brekke, Julius J. Olson* and *Rasmus Hage,* for appellant.

*Stevens, Stevens & Maag,* for respondent, National Surety Com-
pany.

HILTON, J.

Plaintiff appeals from an order refusing to grant a new trial.

Plaintiff, a Minnesota village, designated the defendant bank as
the depository of village funds. A depository bond was given to the
village by the bank with the defendant National Surety Company
as surety in the penal sum of $7,500 for the term of one year from
April 23, 1923. The bond guaranteed that the bank should "prompt-
ly pay over on proper legal order such cash and cash items as shall
have been actually and regularly deposited with it during the term
of this bond in an account subject to check, together with the bal-

[1]Reported in 221 N. W. 869.

ance of cash or cash items to the credit of the Obligee at the beginning of said term, as well as the amount of interest which the bank has contracted to pay thereon." On the date of the going into effect of the bond the bank held $6,653.61 of the village funds on deposit in an open running account designated "Treasurer of the Village of Argyle," which designation thereafter continued. During the bond year period, deposits and withdrawals were made in the usual course of business so that at the end of that year there was on deposit in that account the sum of $16,279.45. Ordinary checks were not drawn by the treasurer on this fund, but payments were made therefrom on regular village orders issued by the village council and countersigned by its president and clerk. No further depository designation was made, but village funds were regularly deposited and withdrawals made in the manner indicated until the bank closed.

At the beginning of the bond period one Pfiffner was treasurer of the village and cashier of the bank. He was succeeded by Klopp, an assistant cashier of the bank, as such treasurer on March 22, 1924, and continued to act as such thereafter. The president of the village council was a director and vice president of the bank; none of the other village officers were stockholders or officers of the bank. At the close of the year covered by the bond the bank was solvent. It had resources of $449,442.08; its capital stock was $50,000 and its surplus $25,000; and it had available cash and credits in banks to the amount of $21,026.86. No demand was made by the village for the withdrawal of village funds or any part thereof on that date or prior to the closing of the bank other than in the usual course of business when warrants were presented and paid. The bank continued to operate and function as a going concern for approximately two years and nine months after the end of the bond year, and until January 15, 1927, at which time it was voluntarily closed by its board of directors as insolvent.

During all the time that the bank remained open it met all demands made upon it by the village and other creditors for withdrawal of funds. The amount of village funds in the bank at the

date of its closing was $10,710.68, and the lowest point which the credit of the village reached in said bank was on October 12, 1926, when it was $7,440.45.

After making necessary findings of fact, the correctness of which was not questioned, the district court as a conclusion of law found that the plaintiff was entitled to recover judgment against the bank for $10,710.68 with interest thereon, and that the plaintiff take nothing against the surety company, which was awarded the recovery of its costs and disbursements.

Although there are other grounds upon which an affirmance might of necessity follow, we place the same upon the absence of any default by this surety in the obligations assumed by it.

Order affirmed.