## CITY OF ORTONVILLE v. O. E. HAHN AND OTHERS.[1]

September 26, 1930.

No. 28,050.

*J. J. Purcell, Carl J. Eastvold,* and *Murphy, Johanson & Nelson,* for appellants.

*F. L. & E. V. Cliff,* for respondent.

WILSON, C. J.

Defendants appealed from an order denying their motion for a new trial.

Plaintiff seeks to recover upon the $10,000 official bond of defendant Hahn, its treasurer. The other defendants are his sureties. The Ortonville State Bank was duly designated as plaintiff's de-

[1]Reported in 232 N. W. 320.

pository. It furnished a statutory bond in the sum of $10,000. The treasurer thereafter deposited money in the bank to the extent of $12,715.89, and while said sum was therein it failed and went into the hands of the commissioner of banks. Upon receiving a 15 per cent dividend from the commissioner, plaintiff applied $1,500 upon the claim secured by the depository bond and $435.91 upon the excess deposit. Thereafter the sureties on the depository bond paid a judgment which plaintiff procured against them for the balance of $8,500 and which judgment was then assigned to them.

Later a further dividend of ten per cent amounting to $1,290.61 was paid by the commissioner. It was ratably applied by paying $1,000 thereof to the depository sureties and by crediting the balance of $290.61 on the treasurer's excess deposit. The dividends were ratably distributed.

This action is brought to recover the balance on the excess deposit. Defendants assert that the depository sureties were not entitled to dividends until the bank's debt to plaintiff was paid in full; that the equities of the fidelity sureties are superior to the depository sureties; and that the loss must fall upon the sureties whose principal is responsible for the loss. The effort is to require the depository sureties to be held for the full payment of $10,000 and to deprive them of the benefit of any dividends from the liquidation of the bank to the advantage of the defendants.

The depository bond was given pursuant to G. S. 1923 (1 Mason, 1927) § 1841. This statute must be construed as a part of the bond. It relieved the treasurer's official liability for the funds legally deposited in the depository but not for the unauthorized excess. As to the excess the treasurer and his defendant sureties were liable. City of Cloquet v. N. W. State Bank, 172 Minn. 324, 215 N. W. 174. The depository sureties had a right to assume that the treasurer would comply with the statute and limit his deposit to $10,000. Their obligation was given to protect authorized deposits of city funds to the contractual and statutory maximum of $10,000 and not as security for an unauthorized deposit in excess of that sum. The language of a suretyship bond when considered

with the statute and with the official duties of the treasurer will admit of no other reasonable construction. It was not the intention of the parties to the depository bond that it should relate to money in excess of the penalty. Cole v. Myers, 100 Neb. 480, 160 N. W. 894; Minshull v. American Surety Co. 141 Wash. 440, 252 P. 147. The liability of each set of sureties was definitely independent of the other.

■ When the bank closed, the liability of the depository sureties became absolute for the full amount of the penalty of their bond. Plaintiff was then in a position to demand and enforce the performance of their contract. It did not have to wait, as urged by appellants, until the liquidation of the bank was completed. That might determine the sureties' net loss, but plaintiff was entitled to its money on demand. The city did not have to wait for a determination of the ultimate loss before calling upon the sureties. It did not have to exhaust the assets of the principal—delayed by process of liquidation—before recovering judgment from the sureties. It did not. This was in no way affected by the excess deposit. The treasurer was answerable for the moneys involved in his excess deposit. The fact that the bank had received this money was incidental. The depository bond ran to the city, not to the treasurer. The city prorated the 15 per cent dividend and reduced its claim against the depository sureties to $8,500.

■ When the depository sureties paid the judgment against them they fulfilled their contractual obligation to the city. They were thereby subrogated to the rights of the plaintiff against the bank to recover any dividends arising out of the depository bond. The assignment was consistent with the legal rights. In the absence of the assignment the court could compel such transfer. Lumbermen's Ins. Co. v. Sprague, 59 Minn. 208, 60 N. W. 1101. We have here both a legal subrogation, Motley v. Harris, 1 Lea (Tenn.) 577, and a conventional subrogation, Journal Pub. Co. v. Barber, 165 N. C. 478, 488, 81 S. E. 694.

Appellants invoke the general rule that the doctrine of subrogation is not operative until the creditor has been paid in full. Literally appellants state the rule correctly. London & N. W. A. M. Co.

v. Fitzgerald, 55 Minn. 71, 56 N. W. 464; Lumbermen's Ins. Co. v. Sprague, 59 Minn. 208, 60 N. W. 1101; Anno. 9 A. L. R. 1596; Anno. 24 A. L. R. 1523. The fallacy of appellants' claim seems to rest in the fact that they are attempting to make plaintiff's claim for an excess deposit a portion of the claim which plaintiff held against the depository sureties. It was not. It did not arise out of the depository bond. It arose in spite of the bond. While it was a portion of the indebtedness owed by the bank, it arose solely out of conduct of the treasurer; whereas the other liability rested upon the authority of the city. So far as the depository sureties are concerned, the whole debt was paid. No part thereof remains unpaid. The rule which appellants invoke is applicable when there is an effort to make a division of the debt for which the surety is bound. Where the surety is still liable for the remainder of the debt a pro tanto subrogation will not be allowed. This is not such a case. Here the debt of the depository sureties has been wholly paid. The bank has received the equivalent of the deposit contemplated by their bond. Part came from the bank and the balance from the depository sureties. The reason that a pro tanto assignment or subrogation will not be allowed is that subrogation is a creature of equity, and it will never be allowed to the prejudice of the creditor. Here the creditor has received the $10,000 in full.

Appellants are in no position in this action to question the right of the depository sureties to be subrogated to the rights of plaintiff. That is a matter between plaintiff and the depository sureties. The principal debtor and other creditors can make no objection to the right of subrogation. If the depository sureties had not paid the plaintiff it would have enforced the full amount against the funds of the bank, and in that event the appellants would have been in no better position than they are now. If, as claimed by appellants, there is a controversy as to superior equities as between the sureties, that was or is a subject for litigation between them. With that the city is not concerned. It had a right to enforce both of its bonds.

Affirmed.