# SCHOOL DISTRICT NO. 75, KITTSON COUNTY, v. FARMERS STATE BANK OF BRONSON AND OTHERS.[1]

January 23, 1931.

No. 28,024.

[1]Reported in 234 N. W. 594.

*William L. Petersen, A. N. Eckstrom,* and *A. A. Trost,* for appellants.

*Jenswold, Jenswold & Dahle,* for respondent.

DIBELL, J.

Action to recover upon a bond given by the defendant Farmers State Bank of Bronson to the plaintiff school district. The court directed a verdict for the plaintiff against the four sureties, Andrew Vik, John Vik, Oscar Hemmingson, and Ray R. Swanson, in the sum of $6,060.64. They appeal from the order denying their alternative motion for judgment or a new trial.

On November 7, 1925, the defendant bank, with the other defendants as sureties, executed a bond in the sum of $8,000 to secure the deposits of the plaintiff in the defendant bank, which was designated as the school district's depository. G. S. 1923, § 2836, as amended, 1 Mason, 1927, id. The condition of the bond was as follows:

"The condition of this obligation is such, that whereas the said Farmers State Bank of Bronson has been designated as a depository for the fund of the said school district, and the funds of said school district are to be deposited in said bank from time to time both as commercial deposit and on time deposits drawing interest.

"Now therefore if the said bank shall safely keep said moneys and pay all time deposits as they become due and all commercial deposits upon demand of the school district, then this obligation shall be void, otherwise to remain in full force and effect."

The school district later decided that it must have liberty bonds. The bank deposited bonds in the amount of $10,000, and they were put in Minneapolis banks for safe-keeping. Later the bank deposited $3,000 in liberty bonds. The defendants contend that the bonds were deposited in lieu of the $8,000 bond and that thereby the bond was discharged. On November 9, 1928, the bank failed and was taken in charge by the commissioner of banks for liquidation. There

was a resolution of the school board looking to the designation of the Midland National Bank & Trust Company of Minneapolis as depository. It was not designated as required by the statute. G. S. 1923, § 2836, as amended, 1 Mason, 1927, id. It did act as custodian, but it was not a depository.

To make a legal substitution of the liberty bonds for the personal bond of the sureties a contract was necessary. See State v. Wood, 173 Minn. 406, 217 N. W. 360, and cases cited. There is evidence of some talk about substitution by the officers of the bank and the officers of the school district. We are unable to find proof to sustain a verdict that such a contract was made. A discharge of the bond could not be proved by loose conversations between the individual sureties and individual officers of the school district as they casually met. Andrews v. School Dist. No. 4, 37 Minn. 96, 33 N. W. 217; Currie v. School Dist. No. 26, 35 Minn. 163, 27 N. W. 922. There was no formal meeting of the school district as the statute contemplates. G. S. 1923 (1 Mason, 1927) § 2814. All of the sureties were stockholders of the bank, and three of them were active officers. If what was done amounted to a discharge of the bond upon which suit is brought and a substitution of the liberty bonds, the school district had less security than the law required. There was no objection to the giving of security additional to that afforded by the $8,000 personal bond. The statute contemplates that such may be done. 1 Mason, 1927, § 1973-1.

At times the deposits exceeded $20,000. The personal bond was quite insufficient to meet the requirements of the law. So were the liberty bonds, though they might stand as security for an amount 10 per cent less than their face. Both together were insufficient. G. S. 1923, § 2836, as amended, 1 Mason, 1927, id. Taking all the facts presented, it cannot be held that the evidence sustains a finding that there was a substitution of liberty bonds for the personal bond or the designation of another bank as depository in lieu of the defendant bank. More money was coming into the school district, and the officers naturally wanted more security. They were honest and acted in good faith. They were pitifully inefficient and without

an adequate appreciation of the governing law, as also were the bank officers; but the school district has stumbled out of loss not more serious than such as attends this involved litigation.

■ The designation of the bank as depository was made on November 7, 1925. The time of its continuance was not specified. It expired by construction on November 7, 1928, for three years is the longest period for which a depository can be designated. G. S. 1923, § 2836, as amended, 1 Mason, 1927, id. The bank failed on November 9, 1928. There is no direct showing that it was insolvent on November 7, 1928. It had not failed to respond to any calls of the school district. Between November 7, 1928, and November 9, 1928, there was no change in the deposit account of the school district in the bank. It is now the contention of the defendants that there is no liability on the bond because no default is shown.

This position is not well taken. The depository was bound to keep safely all deposits and pay upon the demand of the school district. When the bank closed the sureties' liability became absolute. City of Ortonville v. Hahn, 181 Minn. 271, 232 N. W. 320. The closing of the bank was a default, and no demand was necessary. L. 1925, p. 168, c. 173, § 1, 1 Mason, 1927, § 1973-1. The case is quite different from Village of Argyle v. First Nat. Bank, 175 Minn. 482, 221 N. W. 869, where the condition of the bank was that the bank would pay on legal demand within the period of the bond. On November 9, 1928, the school district had in the bank on deposit $18,804.85. The proceeds of the liberty bonds were applied upon that basis; and the case was tried upon the theory that if there was liability at all it was for the amount on deposit except as the defendants claimed that there was not liability on the certificates and that is now for consideration.

■ It is claimed by the defendants that the school district had no right to make time deposits and take certificates of deposit and therefore there can be no recovery. It may be conceded that they had no such authority. The statute provides that interest shall be computed on monthly balances. G. S. 1923 (1 Mason, 1927) § 2838. This seems to exclude certificates of deposit. But it does not fol-

low that there can be no recovery. If the certificates of deposit were not valid as obligations such as they purported to be, the moneys which they represented should be taken as demand deposits. Commrs. of St. Louis County v. Security Bank, 75 Minn. 174, 77 N. W. 815; Commrs. of St. Louis County v. American L. & T. Co. 75 Minn. 489, 78 N. W. 113. Again, the bond was sufficiently broad to include them, and it can be sustained as a common law bond. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1056.

The defendants claim that they were overcharged interest. We have examined this claim. It was not made in the court below. We find no error, and a discussion of the claim is unnecessary.

Order affirmed.

[1]Reported in 234 N. W. 590.