STRELITZ, Respondent, vs. FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, imp., Appellant.

*November 6, 1935—March 3, 1936.*

444

For the appellant there was a brief by *Corrigan, Backus, Ruppa, Bortin & Backus*, and oral argument by *Walter D. Corrigan, Sr.*, and *F. H. Parson,* all of Milwaukee.

For the respondent there was a brief by *Robert A. Hess* and *Clement Winzenburg,* both of Milwaukee, and oral argument by *Mr. Winzenburg.*

The following opinion was filed January 7, 1936:

FAIRCHILD, J.   The appeal comes on the ruling of the trial court that Gertrude Strelitz was entitled to be subrogated to the former rights of the appellant in the note and mortgage.   The pleadings and the stipulation together with the testimony taken at the trial give us undisputed facts, and leaves for determination only the question of the right of respondent to subrogation.   The controlling fact is that the respondent was indebted to the appellant on her note of $15,000.   Under the Negotiable Instruments Law, regardless of the inducement which caused her to sign  the note, or of the relation between her and the original debtor, she was primarily liable on the note to the payee, and was absolutely required to pay the amount thereof.   *Farmers Life Ins. Asso. v. Houghton,* 207 Wis. 357, 241 N. W. 352; Brannan's Negotiable Instruments Law, Annotated (4th ed.), pp. 119 and 361; secs. 116.01 and 116.57, Stats.   Respondent can have no right to subrogation under the facts of this case.   Maurice Strelitz was indebted to the bank.   His debt was secured by certain collateral.   The value of the collateral decreased, and the payment was due.   In order to procure an extension of time, additional security was given.   Respondent gave her note for $15,000 to the bank.   The only inference to be drawn from the giving of the $15,000 note is that it was given as additional collateral to the whole debt.   The learned trial judge called attention in his decision to the fact that "Mr. Baumgarten [vice-president of the bank] testified that when Mr. and Mrs. Strelitz came to the bank and signed the note and mortgage that he advised

Mrs. Strelitz that 'now that additional collateral was given extension of time will be given.' The testimony and stipulated facts clearly indicate that the note and mortgage were given to . . . secure an extension of time." By this transaction respondent became primarily and not secondarily liable on the note. She did not give the note to the bank to protect her own interests. As between her and Maurice Strelitz, the giving of the note amounted to nothing more than lending him a certain sum, or property of a certain value. The bank requested security for the payment of this note given by respondent. Security was given in the form of a mortgage on property owned by Maurice Strelitz, and was joined in by respondent. This mortgage was given as security for the payment of the note of respondent and nothing more. It was not given to respondent as security for repayment of the $15,000 by Maurice Strelitz, but was given to the bank as collateral to respondent's note. Respondent is not entitled to subrogation because there is nothing arising from the transaction to which she could be subrogated. The payment of the note did not depend upon her being secondarily liable, nor did she discharge any debt of another acting to protect her own interests, and there was no agreement that she was to have any security. *Bank of Baraboo v. Prothero,* 215 Wis. 552, 255 N. W. 126. Respondent undoubtably has a claim against her husband's estate, and there the matter rests so far as this case is concerned. Under the arrangement before the court, the wife added her responsibility to the extent of the $15,000 as additional collateral security to the entire debt. She has met this individual and personal responsibility, and is now free from her direct obligation to the appellant.

Subrogation can only grow out of conditions resulting from the due observance of the contract, and it must not be

inconsistent with the legal relation of the parties. There is no equitable consideration operating in respondent's behalf in this situation. Subrogation is a creature of equity, and will never be allowed to the prejudice of the creditor. *Knaffl v. Knoxville Banking & Trust Co.* 133 Tenn. 655, 182 S. W. 232; *National Surety Co. v. Salt Lake County* (C. C. A.), 5 Fed. (2d) 34; Story, Equity Jurisprudence, § 499. The established facts, under the law, in any event, would preclude the respondent from the relief she seeks as a balance of some $20,000 still exists on the debt. The general principles of equity affecting subrogation tend to the conclusion that where property of one person is used in partially discharging an obligation owed by another, and the balance of the obligation has not been discharged, the former is not entitled to be subrogated to the position of the obligee. Until the obligation is fully discharged, the obligee is himself entitled to enforce the balance of his claim, and the person whose property has been used in discharging only a part of the claim is not entitled to occupy his position. *Musgrave v. Dickson,* 172 Pa. 629, 33 Atl. 705; *In re Kimbrough-Veasey Co.* (D. C.) 292 Fed. 757; *New Amsterdam Casualty Co. v. City of Astoria* (D. C.), 256 Fed. 560; *National Surety Co. v. Salt Lake County, supra; Barton v. Matthews,* 141 Ark. 262, 216 S. W. 693; *Westinghouse Electric & Mfg. Co. v. Fidelity & Deposit Co. of Maryland,* 251 Mass. 418, 146 N. E. 711; *McGrath v. Carnegie Trust Co.* 221 N. Y. 92, 116 N. E. 787; *Maryland Casualty Co. v. Fouts* (C. C. A.), 11 Fed. (2d) 71.

The conclusion of the matter therefore must be that the appellant bank is entitled to a judgment as prayed for in its answer and cross complaint. The note having been paid, the mortgage is satisfied. The real estate which was subject to that mortgage is in the estate of Maurice Strelitz, and is

subject to such claims as may properly be made against that estate.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.

FOWLER, J. (*dissenting*). I cannot agree to the decision of the court in this case. The appellant does not attempt to attack the judgment except on the grounds that the respondent is primarily liable on the note and that one primarily liable is never entitled to subrogation. While the respondent was primarily liable on the note as far as the bank is concerned, under sec. 116.01, Stats., she was an accommodation maker only, and as such was a surety for her comaker. Suretyship is a basis for subrogation, and as a surety for her comaker the respondent is entitled to subrogation. The Uniform Negotiable Instruments Law, which contains the section as to primary liability above referred to, does not change the law of suretyship as between an accommodation maker and his comaker, or the law of subrogation as between them. Arant, Suretyship, p. 364; Stearns, Suretyship, p. 449; *Clifford v. West Hartford Creamery Co.* 103 Vt. 229, 153 Atl. 205; 79 Univ. of Pa. Law Review, 976; *Fox v. Kroger,* 119 Tex. 511, 35 S. W. (2d) 679. The Negotiable Instruments Law provides that all situations not covered by it are governed by the law merchant. Sec. 116.01, Stats. The statute being silent as to the rights and liabilities of accommodation makers, except as in the section as to primary liability above cited, the legal relations of such makers remain as by the law merchant, which has always defined that relation as suretyship. 10 Texas Law Review, 519; *Windhorst v. Bergendahl,* 21 S. D. 218, 111 N. W. 544; *O'Neal v. Stuart* (C. C. A.), 281 Fed. 715; *Wakonda State Bank v.*

*Fairfield,* 53 S. D. 268, 220 N. W. 515; *Clifford v. West Hartford Creamery Co., supra.* The decision of this court in *State Bank of La Crosse v. Michel,* 152 Wis. 88, 139 N. W. 748, 1131, adhered to and approved in *Mueller v. Jagerson Fuel Co.* 203 Wis. 453, 233 N. W. 633, is in accord with the view that the Negotiable Instruments Law does not change the law of suretyship.

The opinion of the court does not advert to the contention of the appellant in the above respect, but denies the right of subrogation on the ground that to be entitled to subrogation the surety paying must pay the whole debt owing to the creditor. This is not the law. Not a case is cited or can be found to support it. It is the law that "the right of subrogation does not arise in favor of a surety until he has actually paid the debt [and the entire debt] *for which he is liable as surety."* Sheldon, Subrogation, p. 190, § 127. But the entire debt that must be paid is the debt for which the accommodation maker is so liable. The surety is not required to pay any other debt for which his comaker is liable to the creditor. The surety is not entitled to subrogation to any security except such as is limited to secure the debt that he pays, but he is entitled to subrogation to the security so limited. The debt and the only debt for which the plaintiff was liable is the $15,000 note. She is not liable as surety or otherwise for the remainder of the $60,000 debt. She paid the debt for which she was liable as surety, and under the rule stated is entitled to subrogation to the security given solely to secure that debt. The mortgage was given to secure that debt and nothing more. It was not security for any further or other debt. Having paid that debt, the respondent is entitled to subrogation to the bank's right to collect that debt by foreclosure. When the bank admits, as it does, that it is not entitled to use the mortgage to collect the unpaid portion of the $60,000 debt, but was entitled only

to use it to enforce payment of the note, it concedes, in effect, that the case must be ruled against it. The debt and the only debt that the mortgage secured is paid. The surety stands in its place as to that debt, and may use the mortgage to recoup her payment. It is entirely immaterial that the note is part of a greater debt owing to the bank by the comaker of the $15,000 note the mortgage secured.

The opinion of the court goes on the assumption that the case is one of a surety asking to be subrogated to the creditors' rights to collateral put up to secure an entire debt. This is not such a case. The respondent is not asking for subrogation to the bank's rights to any such collateral. The mortgage is not collateral for the whole debt. The surety has paid the whole debt for which the mortgage was security, and having paid the whole of that debt she is entitled to subrogation to the creditors' rights under the mortgage. The opinion of the court entirely ignores the controlling fact in the case—that the mortgage was given as security for the $15,000 note for which the surety is liable and nothing else. No case is cited in the opinion, nor do I find any to the point, that where a surety executes a note to be put up as additional collateral for a debt greater than the amount of the note, and a mortgage is given to secure that note and nothing more, the surety is not entitled to subrogation to the creditors' rights under the mortgage on payment of the note.

The only cases found that bear at all upon the proposition upon which the decision of the court goes, as I view it, are contrary to that proposition. In *Harrison v. Harrison,* 149 Tenn. 601, 259 S. W. 906, 32 A. L. R. 563, the wife of a deceased vendee of land out of her own funds paid one of five notes secured by a vendor's lien. The lien was foreclosed and the land sold. The widow claimed right to the proceeds to the extent of her payment. It was contended that as she paid only a part of the debt she was not entitled

to subrogation, but her claim to subrogation was upheld. So a widow paying the amount of her deceased husband's debt that remained unpaid at his death is entitled to subrogation to the security for the debt to the amount paid. *Ohmer v. Boyer,* 89 Ala. 273, 7 So. 663. And where the portion of a debt remaining unpaid is paid by a surety, the surety is entitled to subrogation to the extent of the amount paid. *Clifford v. West Hartford Creamery Co., supra.* These cases would not reach to the point of supporting the respondent's claim had the mortgage to which she claims subrogation covered the entire debt to the bank, but they at least hold that a surety paying a part of a debt is not necessarily to be denied subrogation because he did not pay the whole of it, which is the only proposition upon which the opinion of the court is based.

For the reasons stated the judgment of the circuit court should be affirmed.

I am authorized to state that Mr. Justice FRITZ and Mr. Justice NELSON concur in this opinion.

A motion for a rehearing was denied, with $25 costs, on March 3, 1936.