WIELAND, et al, v. WESTCOTT, et al
HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant.
ROWLEY, AS RECEIVER OF THE CHAS. E. LOWERY COMPANY, Respondent.

(268 N. W. 904.)

(File No. 7921. Opinion filed September 21, 1936.)

*Bailey & Voorhees*, and *M. T. Woods*, all of Sioux Falls, for Appellant.

*Morgan & Whiting* and *Donald O. Nicolls*, all of Mitchell, for Respondent.

ROBERTS, J. Chas. E. Lowery Company made application to the State Securities Commission for registration and license as a broker pursuant to the provisions of chapter 206, Laws 1927. Before a license may be issued a broker must give a bond "conditioned upon a strict compliance with the provisions of this act." The Hartford Accident and Indemnity Company executed as surety such a bond to the State of South Dakota in the sum of $5,000.

The death of a partner on December 7, 1933, operated as a dissolution of Chas E. Lowery Company. In an action instituted in the circuit court of Davison county by creditors of the partnership, respondent Myron K. Rowley was appointed receiver to take charge of and liquidate the assets of the insolvent partnership. The receiver made demand upon the Hartford Accident & Indemnity Company for payment and upon its refusal to comply an action was instituted upon the bond. Upon the petition of the surety company the action was removed to the District Court of the United States for the District of South Dakota. Ancillary to such action the Hartford Accident & Indemnity Company filed its bill of interpleader naming as defendants the state of South Dakota, the receiver, and five creditors. Judgment was entered by the United States District Court decreeing that the surety company pay into court the amount of the penalty of the bond, and that the surety company have and recover out of the fund its costs and disbursements amounting to $128.84, together with attorney's fees in the sum of $750. The balance was distributed by a master in chancery ratably among 132 creditors whose claims aggregated approximately $90,000. Their claims have also been allowed by the receiver, but the net assets of the partnership are not sufficient to pay the claims in full.

It is the claim of appellant company that it is entitled to reimbursement pro rata with other creditors. An indemnity agree-

ment was contained in the application of Chas. E. Lowery Company for the bond. It was agreed that the principal would "indemnify the surety, and hold and save it harmless from and against any and all damages, loss, costs, charges for expenses of whatsoever kind or nature, including counsel and attorney's fees, which the surety shall or may at any time sustain or incur by reason or in consequence of having executed said bond."

The claim was resisted by the receiver on the grounds, first, that the surety company has not fully performed its obligation; second, that the surety company is not entitled to share in the assets of the insolvent partnership until the claims of creditors have been fully paid. The circuit court denied right of recovery on these grounds, and the surety company has appealed to this court.

The first ground for denying recovery may be passed without discussion. The controlling question is whether appellant is entitled to share in the assets of the insolvent partnership before claims against the debtor have been fully paid. The appellant does not claim that the right to recover arises from subrogation, but asserts a claim in its own right upon the contract of indemnity which it entered into with the principal; that it created the relationship of debtor and creditor when the bond was executed and delivered; that payment by the surety merely fixed the amount of damages for which the principal is liable and related back to the time that the contract was entered into; and such being the relation of the parties, the surety company has the right to file a claim and to be paid dividends in common with other general creditors.

██ The general rule is that a surety may not claim subrogation against an insolvent debtor until the claims of creditors against the debtor have been paid in full. Stearns on the Law of Suretyship (4th Ed.) § 245; Muller v. Flavin 13 S. D. 595, 83 N. W. 687; Receivers of New Jersey Midland Ry. Co. v. Wortendyke, 27 N. J. Eq. 658; Barton v. Matthews, 141 Ark. 262, 216 S. W. 693, 9 A. L. R. 1594, annotated at page 1596; United States v. National Surety Co., 254 U. S. 73, 41 S. Ct. 29, 65 L. Ed. 143. In Jenkins v. National Surety Company, 277 U. S. 258, 48 S. Ct. 445, 446, 72 L. Ed. 874, the plaintiff surety sought to compel against the defendant receiver the payment of dividends upon its claim upon an indemnity agreement executed by the principal

debtor. In holding that by taking a separate indemnity agreement the surety cannot deprive the creditor of the benefit of the foregoing rule, the court in that case said: "The rule would go for naught if, by claiming indemnity instead of subrogation, the surety could achieve the same result. The same policy against permitting a surety to compete with the creditor for the insolvent debtor's assets requires that the surety be denied subrogation to security given to a creditor for several debts for only one of which the security is obligated. National Bank of Commerce of Kansas City, Mo., v. Rockefeller, 174 F. 22, 98 C. C. A. 8. Similar reasoning underlies the requirement of equity that the surety who holds the security of an insolvent debtor must give the benefit of it to the creditor for whom he is surety, until the debt is fully paid. * * * Wherever equitable principles are called in play, as they pre-eminently are in determining the rights and liabilities of sureties and in the distribution of insolvents' estates, they likewise forbid the surety to secure by independent contract with the debtor indemnity at the expense of the creditor whose claim he has undertaken to secure."

We think that the ruling of the trial court was right. The separate indemnity agreement with the debtor does not have the effect of giving equality and permit the surety to share in the assets of the insolvent debtor in liquidation of its loss on the bond to the prejudice of the creditors whose claims the surety has undertaken to secure.

The order appealed from is affirmed.

All the Judges concur.