OTTO BENSON v. AMERICAN SURETY COMPANY OF NEW YORK AND OTHERS.[1]

January 29, 1937.

No. 31,098.

[1] Reported in 271 N. W. 125.

*Eriksson & Eriksson,* for appellant.

*Frankberg, Berghuis & Frankberg,* for respondents American Surety Company and Charles Dahling.

HOLT, JUSTICE.

Plaintiff appeals from the judgment dismissing the action on the merits with costs against plaintiff. A brief statement of the facts found is this: Up to June 20, 1927, one Martha Edlund had been city treasurer of the city of Fergus Falls and had as such treasurer the sum of $23,399.81 in the Farmers & Merchants State Bank of the city, subject to check, and $6,000 in a certificate of deposit issued by the bank March 11, 1927, due in one year. The bank had been duly designated a depository of city funds and had given a bond as such in the sum of $80,000. Defendant Dahling had been duly elected as Edlund's successor, but did not qualify until June 20, 1927. He then gave his bond as city treasurer in the sum of $35,000, with the defendant American Surety Company as surety thereon. From the time Dahling qualified until he ceased to hold the office, he made no deposit of any city funds in the said bank, but withdrew therefrom $7,000, leaving a balance in the checking account of $16,399.81, which remained in the bank until it closed November 28, 1927. The assessed valuation of the bank on the tax book of Otter Tail county for the year 1927 was $6,918. On March 14, 1928, the city of Fergus Falls brought suit against the bank and the sureties on its $80,000 depository bond and obtained a judgment thereon in the sum of $20,915.24 on October 28, 1929. This must be assumed to include all amounts due the city on account of funds deposited in the closed bank with interest. There seems not to have been any defense that the treasurer Edlund had deposited funds in excess of the limit fixed by law for which the sureties were not liable. There has been paid to the city by the judgment debtors the sum of $13,000, and $4,496.96 has been received by it in dividends from the liquidation of the bank. No demand was ever made of defendants Dahling and surety before this suit was brought

October 9, 1933. The conclusions of law were that the liability of Dahling and his surety was limited to such sums of the city's funds as were kept on deposit in this bank in excess of the assessed capital stock, on the duplicate tax list in the county treasurer's office in June, 1927, to-wit: $6,918; and that the city of Fergus Falls has been paid by the sureties on the depository bond and by the banking department in dividends on account of the deposit in this bank in liquidation more than enough to satisfy any liability of Dahling and his surety under the bond in suit.

The assignments of error really raise only two questions: (a) Did the court err in refusing to amend the findings so as to calculate and include interest on the deposited funds or judgment; and (b) whether the court erred in not holding Dahling liable for the balance still due.

There is no evidence that the funds on deposit in this bank drew interest, and no demand for payment of defendants was ever made until the commencement of the suit October 9, 1933. Hence interest could only be computed from that date. Village of Hallock v. Pederson, 189 Minn. 469, 250 N. W. 4. It was incumbent on plaintiff to prove the amount due from Dahling, and the only evidence as to that was the testimony of the city clerk at the trial that there was a balance due on the judgment obtained by the city against the bank and its sureties on the depository bond in the sum of $4,902.85, and $4,412.95 interest. There is nothing to show how this sum for interest was derived. Therefore, figuring interest on the balance due on the judgment since the commencement of the action, the total proved to be still due the city would be $5,020.52. But, since that sum is less than the $6,918 which the treasurer could lawfully keep on deposit in the bank, there is no liability under the bond in suit.

In respect to the right to interest after the entry of judgment on the depository bond for $20,915.24, on October 28, 1929, the record shows that the city council entered into an agreement with the sureties to pay the judgment in instalments with no provision as to interest. It also appears that at least one of the sureties had and still has sufficient property out of which the judgment could

have been collected at any time. This leniency shown by the city to the sureties on the bank's depository bond, which we do not criticize, should not increase the obligations placed by the law upon the respondents.

However, plaintiff claims that even though the defendant surety is not liable for the funds of the city lawfully on deposit in the bank when it closed, *viz.:* $6,918, the provision of the city charter (§ 27) does not free the defendant city treasurer from liability. Section 27 provides for the designation of banks by the city council wherein its funds may be deposited, provides for the giving of bonds by banks so designated in at least double the amount of the funds to be deposited, such deposits not to "exceed the assessed capital stock" of the bank, "as the same shall appear on the duplicate tax list," and then follows this paragraph, here pertinent:

"Whenever any portion of the funds of the city shall be deposited by the treasurer in such depository, the sureties on his official bond shall, to such extent, be exempt from all liability thereon, by reason of a loss of such deposited funds while so deposited, through the failure or bankruptcy, or any other act or default of such depository."

True, this provision of the charter does not in specific language absolve the city treasurer from liability for the funds deposited in designated depository banks pursuant to the said charter provision, but it stands to reason that when the treasurer has parted with the possession and custody of the funds in obedience to law he should no longer be responsible for the same. The very fact that the sureties are released from responsibility indicates that there can be no personal liability against the principal. It is to be admitted that the provision quoted is unhappily worded; but we think the intention was to absolve the obligors in a city treasurer's bond from loss of funds lawfully on deposit in a depository bank. Such loss was intended to be made good from the depository bond. We deem it unnecessary in this case to determine whether the city charter adopted in March, 1903, is affected by 1 Mason Minn. St. 1927, § 1841, approved in February the same year and effective

May 1, 1903, for we think the construction of the city charter is as above stated.

This disposes of the appeal. Other defenses are urged by defendants, such as the one that the judgment entered on the $80,000 depository bond against the sureties is a lien upon real estate worth much more than the unpaid balance of the judgment. Since we have concluded that defendant cannot be held for the balance due, it is immaterial whether or not the city can enforce payment against property upon which the judgment is a lien. There is also much force in the contention that the trial court misconstrued the provision of § 27 of the city charter fixing the amount of deposit allowable in this bank in 1927 at $6,198, for the reason that when the charter was adopted bank assessments for taxation were at full value instead of 33 1/3 per cent thereof as they were in 1927; but we need not consider that proposition, for under no view of the undisputed facts found can plaintiff prevail.

Plaintiff cites City of Ortonville v. Hahn, 181 Minn. 271, 232 N. W. 320, holding that the liability of sureties on depository bonds is limited to the amount lawfully deposited. We think that can have no application here, for the city sued on the $80,000 depository bond given to secure the deposits made by the city treasurer Edlund; and, even if the sureties had such a defense, it was not made, or unsuccessfully made, for there is no doubt that the judgment of $20,915.24 obtained by the city October 28, 1929, against the sureties represents all that is due the city from the bank for the funds on deposit when it closed, without regard to whether or not the deposit was in excess of what could lawfully be kept on deposit. There can be no connection or right of subrogation between the makers of that bond and the makers of the bond in suit.

The judgment is affirmed.

Mr. Justice Peterson, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.