## R. L. M. NIXON *v.* E. C. JULLIAN.

1. SUBROGATION. *Purchaser under an invalid contract. Relieving incumbrance.*

   Subrogation may be allowed in favor of one whose right rests on an invalid or merely verbal contract for a conveyance of the land, which he has freed from incumbrance.

2. SAME. *Discharge of incumbrance. Case.*

   In a suit to foreclose a recorded mortgage on land, a defendant who, without actual knowledge thereof, bought the land from the individuals composing an organized but unincorporated company, to which the mortgagor had subsequently conveyed it by warranty deed, and who, to release the land, pays the money due complainant into court, is entitled, on a cross bill filed for that purpose, to a decree subrogating him to the rights of complainant both as to the debt and the mortgage, and this, although, in aid of his defective title, he had gotten from the mortgagor a quitclaim deed.

FROM the chancery court of Harrison county.
HON. W. T. HOUSTON, Chancellor.
The opinion states the facts.

*Calhoon & Green,* for appellant.

The court below seems to have created a warranty against incumbrances, contrary to the express language of the deed, and to have worked out subrogation on such creation. *Chapman* v. *Sims,* 53 Miss., 154, merely holds that a quitclaim deed does not by itself imply a doubtful title, but it is not authority for the creation of an express warranty contrary to its terms. Nor does *Wright* v. *Brander,* 62 Miss., 82, sustain such a view. There could be no subrogation to the warranty of the canning company, for appellee did not succeed to the rights of said company, or claim title under its warranty, but claims directly from appellant and adversely to that company. Besides, all parties recognized the conveyance to said company as invalid,

and Jullian himself, to fix its invalidity, returned to the persons composing it the money they had paid on the purchase. Said persons and said company are now estopped to set up their title to the property, but estoppel implies antagonism and not subrogation. Appellee is a purchaser by quitclaim from the grantor of mortgaged premises, with notice and without warranty, and for such there can be no subrogation to the rights of the mortgagee.

*W. A. White,* for appellee.

If we admit the right of Seal, the complainant, to recover, the defendant, Nixon, should have been required to refund to Jullian, not only the amount decreed to be paid by her, but the costs of suit as well, and a cross bill was the proper proceeding by which to compel her to reimburse him. *Wright* v. *Brander*, 62 Miss., 82. Jullian, as the purchaser from the canning company, to whom defendant, Nixon, made a warranty deed after procuring from her a quitclaim, which was effectual to convey to him the legal title, was entitled to a decree enforcing her contract of warranty. A quitclaim does not imply a doubtful title, but is effectual to convey whatever title the creditor has. *Chapman* v. *Sims*, 53 Miss., 154; Devlin on Deeds, secs. 672, 673. Jullian has been forced, in order to protect his property, which he had bought from the mortgagor, to pay off a mortgage, and he should be subrogated to all the rights of the mortgagee. *Ross* v. *Wilson*, 7 Smed. & M., 753; *Staples* v. *Fox*, 45 Miss., 667; 2 Wash. on Real Prop., 225; 24 Am. & Eng. Enc. L., 248; 3 Pom. Eq. Jur., sec. 1212. Jullian is likewise entitled to enforce payment of the debt. 24 Am. & Eng. Enc. L., 192; *Ib.*, 255; L. R. A., 288.

COOPER, C. J., delivered the opinion of the court.

On the thirtieth day of March, 1877, the appellant was the owner of the land described in the pleadings, and on that day mortgaged it to one Beard to secure the payment of a note for

two hundred dollars executed by her on that day to him.    The
mortgage was duly recorded.    Beard assigned the note to Seal,
who exhibited his bill in this cause against the appellant, Nixon,
the mortgagor and against the appellee, who, the bill states,
claims some interest in the land.    The prayer of the bill is that
the mortgagor may be decreed to pay the amount due on the
note, and, in default thereof, that the land may be sold there-
for.    Jullian answered the bill and made his answer a cross
bill against the complainant and his co-defendant, Nixon.    By
his cross bill he charges that, after the execution of the mort-
gage, Nixon sold the land to an organized but unincorporated
company, known as the Knights of Labor Canning Company,
and executed to said company a warranty deed.    The consid-
eration of this conveyance was the sum of four hundred dollars,
of which sum the company paid to Nixon two hundred dollars
and for the balance executed a note payable twelve months
after date with interest at eight per cent. per annum;    that
the Knights of Labor Canning Company was never incorpo-
rated, but that cross complainant purchased the land from the
persons composing said company, and paid to them the amount
they had paid to Nixon, and assumed to pay, and afterwards did
pay, to Nixon the balance due to her by the said parties, where-
upon she conveyed, by quitclaim deed, the land; that, at the
time he bought and paid for said land, he was ignorant of the
existence of the mortgage sought to be foreclosed.    The cross
complainant offered to pay into court any sum that might be
found due to the complainant, and asked that, as to the sum so
found due and to be paid by him, he might be substituted and
subrogated to the rights of the complainant against his co-de-
fendant Nixon.

With his cross bill the cross complainant filed as exhibits
(1) a conveyance of the land with warranty of title executed by
Nixon to the Knights of Labor Canning Company, (2) a quit-
claim deed executed by her conveying the same land to Jullian,
in which it is recited that she had previously conveyed the land

to the Knights of Labor Canning Company, but that it then appeared that no such company had been chartered.   After reciting the consideration upon which the conveyance to the canning company had been made, and that two hundred dollars had been paid, leaving two hundred dollars due by the canning company, of which sum Jullian had then paid one hundred dollars, the deed continued in these words: "Now, for said sum above stated, I hereby release and quitclaim unto E. C. Jullian, and to his heirs, forever, the foregoing described piece of land, all the interest I have in the same, without warranty of title." By her answer to the cross bill Nixon says: "She admits that on the thirteenth day of October, 1887, she conveyed the land mentioned in the bill by warranty deed to the Knights of Labor Canning Company, for the sum of four hundred dollars; two hundred dollars were paid and the balance secured by note. She was informed that there was no such company and the deed was void for that reason.   She does not know, of her own knowledge, from whom Jullian purchased, but denies that he got any title.   She admits that Jullian paid the amount due and interest to her and that she made to him a quitclaim deed to the same land as stated."

The cause was set down for hearing on pleadings and exhibits.   Jullian had paid into court the sum due on the note with interest and costs of court.

The chancellor decreed that the complainant should be paid out of the sum in court so deposited by Jullian, and that Jullian should be subrogated to the right of complainant as against Nixon, and on the cross bill of Jullian rendered a personal decree against her.   From that decree she appeals.

The averment of the cross complainant that he had purchased the land from the persons interested in the Knights of Labor Canning Company, is not denied by the answer of the appellant, and is, under our statute, to be taken as admitted.   *Reynolds* v. *Nelson,* 41 Miss., 83; *McAllister* v. *Clopton,* 51 *Ib.,* 259; *Mead* v. *Day,* 54 *Ib.,* 58.

Counsel for appellant contend that the appellee was a pur-
chaser from the appellant, and, having accepted from her a
quitclaim deed, secured only such right and estate as the ap-
pellant then had in the land, and, since the land was then bound
by the recorded mortgage, he acquired nothing except the
equity of redemption, and, not having protected himself by re-
quiring a deed with covenants of warranty, either from the
Knights of Labor Canning Company or from appellant, is with-
out right to relief.    The vice of this contention is in the false
premise on which it rests.    Jullian did not buy the land from
Nixon, but from those to whom she had conveyed it by deed
with covenants of warranty.    She was his grantor but not his
vendor.    As between herself and those to whom she sold the
land, the debt evidenced by the note here sued on was indis-
putably her debt, and if they had paid it, either voluntarily or
under coercion, there could be no question of their right to re-
cover the amount so paid out, either by assumpsit at law or by
bill in chancery.    *Kirkpatrick* v. *Miller*, 50 Miss., 521; *Dyer*
v. *Britton*, 53 *Ib.*, 270.    By what magic this debt ceased to
be hers, what discharged her from the legal and equitable obli-
gation to pay it in exoneration of the land, is not suggested.
But it is argued that the appellee does not occupy such relation
to the land as to entitle him to invoke the aid of the law to
compel her to pay it.    If Seal, the holder of the note, had as-
signed it to Jullian in consideration of the payment to him of
the money it secured, and Jullian had sued at law on the note,
it is evident that he would have been entitled to recover, and
this would have been because the debt was her debt, and, as be-
tween herself and the owner of the land, she was the principal
and he the surety by reason of the charge resting on his property.

The circumstances are such as appeal strongly to a court of
equity for relief, and, having all the parties before it, the court
very properly granted full relief by administering the salutary
remedy of subrogation.    That the appellee had not secured a
technical assignment of the covenant of warranty contained in

appellant's conveyance to the Knight's of Labor Canning Company is not material. Subrogation has been allowed to one holding an invalid or verbal contract for the conveyance of the land he has freed from incumbrance. Sheldon on Subrogation, § 36*a*; *Champlin* v. *Williams*, 9 Penn. St., 341; *Stewart* v. *Fellows*, 128 Ills., 480; *Dillon* v. *Warfel*, 71 Iowa, 106.

The land is the property of the appellee; the debt is the debt of appellant. To protect his land appellee is bound to pay appellant's debt, and, under the circumstances, a court of equity will work out justice by administering the equitable relief of subrogation.

*Affirmed.*