ELLIS-JONES DRUG CO. *v.* COKER *et al.*

(Division A. Jan. 27, 1930.)

[125 So. 826. No. 28301.]

[127 So. 283.]

Somerville & Somerville, of Cleveland, for appellant.

**J. C. Roberts,** of Cleveland, for appellee.

**Louis C. Hallam,** of Jackson, for N. L. Chapman.

**McGowen, J.**, delivered the opinion of the court.

From an adverse decree of the chancery court the Ellis-Jones Drug Company prosecutes a second appeal here; the first appeal being reported as Ellis Jones Drug Company v. Coker, 151 Miss. 102, 117 So. 545, 59 A. L. R. 285, in which the facts are fully stated, except in one particular. On the remand of the case at the former hearing, the lower court heard proof on the market value of the stock of goods, and made correction as to an item of five hundred five dollars and ninety-six cents, but found against appellant on the market value of the stock of goods.

First, it is insisted that the court erred in charging appellant with interest on the amount found to be due by it to Coker, because the appellant had purchased a stock of goods on which Coker, at the time, had on record a mortgage on the one-third interest of Chapman therein, which interest was allowed from the date of the sale. It was insisted that Coker's cross-bill was an action for unliquidated damages in tort.

We think the action is for money had and received, and wrongfully retained by the appellant, and that under the law the amount to be recovered was ascertainable by calculation. See 33 C. J., p. 200, section 56. And even if counsel were correct that this was an unliquidated demand, and that the general rule is that interest is not recoverable upon such demand, still the exception to the rule is that, although a demand is unliquidated, if the amount thereof can be readily ascertained by computation, interest will be allowed. See 33 C. J., p. 212, section 73. We are therefore of opinion that interest should be allowed from the date of the purchase of the stock of goods by the appellant.

Second, it is insisted that the decree of the lower court is erroneous, because the court below dissolved the temporary injunction, and allowed five per cent damages on the amount of the recovery, upon the dissolution of the injunction. The fiat granted by the court for the temporary injunction, the prayer of the bill, and the injunction writ issued, enjoined the appellee, Coker, from publicly or privately selling the stock of goods, under the terms of the trust deed.

In the former opinion we distinctly held that the trust deed did not cover any item of the stock of goods, but was simply upon the interest of the mortgagor in the business, and that this interest was ascertained by finding the correct proportion due each partner after the

payment of all partnership debts, and the adjustment of equities between the partners. In addition to this, the case was litigated on the merits, and a recovery had on the cross-bill. Technically, the injunction should not have been dissolved, but should have been made perpetual, and damages should not have been allowed, because the proposed sale was properly enjoined.

Third, upon some theory the court allowed Coker to recover from the appellant Chapman's entire half interest in the net value of the partnership, after payment of partnership debts and adjustments of equities between the partners. The deed of trust only covers, as set forth in the former opinion, the one-third interest of Chapman in the partnership business. There are no other words of conveyance therein. A long time after its execution, Chapman acquired an additional one-sixth interest in the partnership, which, in our opinion, is in no wise embraced in the deed of trust. The limit of Coker's recovery must be found in the recorded deed of trust. He was not entitled to Chapman's one-half interest; he was only entitled to what his deed of trust called for, a one-third interest therein.

Counsel for appellee insist that in the former opinion this court held that Coker was entitled to recover the entire interest of Chapman, and quoted from said opinion. It is sufficient answer to say that this feature was neither submitted by counsel, nor considered or decided by the court. The lower court having ascertained that one thousand four hundred thirty-five dollars and one cent was the value of the net interest of both partners, and having now ascertained that Coker was entitled to recover one-third thereof, we find that four hundred eighty-five dollars and one cent is the principal sum which the appellee is entitled to recover from the appellant, and we render judgment here for that amount.

In addition thereto, we hold that appellee is entitled to interest on said sum from December 11, 1924, to the date of the purchase of the stock of goods by the Ellis-Jones Drug Company, the amount of which we find to be one hundred forty-nine dollars and twenty-one cents; adding this to the principal sum, we find that six hundred thirty-four dollars and twenty-two cents is the total amount which the appellee is entitled to recover from the appellant, and for which judgment will be entered here.

Fourth, it is insisted that the court erred in not rendering a judgment in favor of appellant against Chapman for the amount which the appellant is required to pay on Chapman's debt to Coker. The pleadings and proof show that the appellant, the purchaser of the stock of goods from Chapman, paid the latter for his entire interest in the business; and by the decree which we are rendering here, he is now forced to pay again to Coker the above amount on Chapman's debt to Coker, which Chapman has not paid.

Appellee insists that the payment by the Ellis-Jones Drug Company of this amount entitled it to no relief, because appellee says that the appellant is a mere volunteer. We are of opinion that this contention of appellee is not sound. One is not a volunteer in a transaction wherein he is required to pay money in order to discharge a lien upon property which he had purchased in good faith, which money he is now required to pay by the decree of this court. He is compelled to pay the debt in order to protect his purchase, and to clear the property of the lien. See 25 R. C. L., p. 1236, note 13. Also, the principle here enforced is, we think, fully sustained in the case of Nixon v. Julian, 72 Miss. 570, 18 So. 366, the principle there announced being applicable here.

In our opinion, it would be unconscionable to say that Chapman could receive the purchase price of a stock of

goods on which he knew that he had executed a mortgage, never pay it over to the mortgagee, and, when the purchaser of the mortgaged property is coerced by this court into paying therefor again, to say that the appellant here is not even entitled to a judgment against the man whose debt he paid. This does not strike us as being fair or equitable. Therefore the appellant will be allowed a judgment here against Chapman for the amount which it is by this court directed to pay to Coker, to-wit, six hundred thirty-four dollars and twenty-two cents, but that execution shall not issue in favor of the appellant against Chapman until the judgment in favor of Coker has been paid and satisfied by it.

There are other questions raised by counsel on this appeal, which we do not think of sufficient merit to require an opinion from us. We desire to end this case, and therefore direct that judgment be entered here in accordance with this opinion. In all other respects the decree of the lower court is affirmed.

Reversed, and modified judgment entered here.

On Suggestion of Error.

**McGowen, J.,** delivered the opinion of the court.

N. L. Chapman, one of the appellees, files both as a motion and as a suggestion of error, his motion to set aside the judgment rendered against him by this court in favor of appellant, Ellis Jones Drug Company.

By the judgment of this court, heretofore rendered herein, Coker recovered a sum less than was awarded to him in the lower court, and further, this court adjudged a recovery of said sum from Chapman by appellant; and it is now urged that the judgment so rendered against Chapman is void, because this court is without jurisdiction of the cause. The motion sets out that the appellant

did not appeal from the judgment, denying relief to it against Chapman, rendered by the lower court.

These are the essential facts. The appellant filed its bill for injunction against Coker, praying that he be enjoined from foreclosing a deed of trust on a stock of goods and fixtures purchased by appellant from Chapman, and another alleging that Coker had no lien thereon, but prayed that Chapman be held bound to it for any sum he might be forced to pay Coker.

Coker filed a cross-bill seeking the enforcement of his trust deed against the interest of Chapman. The court below denied relief to appellant on the original bill as to Chapman and Coker, from which appellant sought to appeal. It promptly filed an appeal bond for double the amount of Coker's recovery. The appeal bond was payable to Coker and recited that the appeal was prosecuted from the judgment against it in favor of Coker. No mention whatever was made of Chapman, or the judgment in Chapman's favor.

Promptly a summons was issued by the clerk of the chancery court for Chapman to appear in this court and defend the appeal here. Service by the sheriff of said summons was waived by the attorney of record of Chapman in the lower court. The transcript of the record was filed in this court in due time. Separate assignments of error were filed by appellant, as to error in the judgment of the lower court as to Coker and as to Chapman. The same lawyer appeared in this court for both of said parties, and filed in one brief for Coker and Chapman his reply to appellant's brief, and argued the case orally for his clients.

No mention was made of the appeal bond in any manner. When the case was submitted to this court, the six months' time for appeal had not expired, though at the time this motion was filed the time had expired. The transcript was completed, or at least there was no ob-

jection thereto. In other words, the attention of this court was not called to the defect or want of bond until Chapman had appeared in this court, litigated, and lost his case, and he now seeks at our hands to have the judgment vacated. It comes too late. His actual appearance in this court by brief and oral argument gives this court jurisdiction of the subject-matter of this appeal and likewise as to his person. If he had made known his objection to the bond, or want of it, before he submitted his cause on the merits, that would be another question, but by waiving the process to this court and appearing here and submitting his cause, he is in this court for all purposes. The judgment is valid and binding upon him.

The motion is overruled, and likewise the suggestions of error.

Motion and suggestions of error overruled.