HARAWAY *et al. v.* SLEDGE & NORFLEET CO.

(Division A. Feb. 22, 1943. Suggestion of Error Overruled March 22, 1943.)

[11 So. (2d) 903. No. 35166.]

Gerald Chatham, of Hernando, for appellants.

Jas. R. McDowell, of Memphis, Tenn., for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The appellees, J. P. and R. Vance Norfleet, doing business under the name of Sledge & Norfleet Company, obtained a decree in the court below against the appellants

for $250, alleged in the appellees' bill of complaint to have been received by the appellants from the Federal Land Bank, of New Orleans, under circumstances that caused them to hold it in trust for the appellees. The case was tried on bill, answer, and proof, from which, among other but irrelevant matter, appears the following:

Sledge & Norfleet Company, a corporation, held a second deed of trust on land owned by A. M. Haraway, securing a debt due by him to it. The Federal Land Bank of New Orleans held a prior deed of trust given it by Haraway on this land securing a debt due by him to it of $5,000. When this loan was made by the bank to Haraway, it required him to purchase a portion of its corporate stock, valued at $250, and to leave the stock with it as an additional security for the loan made him. Sledge & Norfleet Company foreclosed its second deed of trust on this land and purchased it at the trustee's sale therefor for $3,000, which was credited on the debt due it by Haraway, leaving a considerable balance due thereon. Haraway died thereafter, leaving the appellants as his heirs at law. A short time prior to the filing of this bill of complaint and after the administration of Haraway's estate had been closed, the appellees, who had succeeded to the title of Sledge & Norfleet Company to the land, paid the balance due the Federal Land Bank on its loan to Haraway, amounting to $4,188.80. Immediately after this payment was made, the appellees indicated to the bank that they would claim this stock left with it by Haraway as an additional security for the loan made him, or its value. The bank, however, preferred to, and did, pay by means of a check, the $250 to Haraway's heirs, advising the appellees thereof in a letter setting forth "and if they (meaning Haraway's heirs) desire to do so, they may simply endorse this check over to Mr. Norfleet." The appellants declined to endorse this check to the appellees, but cashed it and retained its proceeds.

The ground of the appellees' claim to the money is that when they paid the Federal Land Bank the debt

due it by Haraway, they became entitled not only to a cancellation of the deed of trust securing its payment but also to the possession of the corporate stock, or its proceeds, pledged to the bank by Haraway as additional security therefor, from which it follows that thereafter the bank held the stock under a constructive trust for the benefit of the appellees, to the obligation of which trust the appellants succeeded when the proceeds of this stock were paid to them by the Federal Land Bank with the knowledge by the appellants of what has just been hereinbefore said.

Several interesting questions would here arise, but the basic one (a decision of which adverse to the appellees would end this case) is, Did the bank hold this stock in trust for the appellees after the payment to it by them of the debt due it by Haraway? Such trust arises, if at all, under the equitable principle of subrogation, to which we now come.

As will have been observed, the case here presented is not that of a purchaser of land on which there is a deed of trust or other lien, who has discharged this lien by paying the debt secured thereby and seeks to be subrogated thereto as a protection against other liens on the land subordinate to the one paid off, nor that of a surety paying the debt of his principal and seeking to be subrogated to a security for the debt held by the creditor whose debt the surety has discharged; consequently, the authorities dealing with either of these cases, while of value, are not controlling here. The case presented is one in which a purchaser of land on which there is a mortgage securing the payment of a debt which he did not assume when purchasing the land, has paid the debt secured by the mortgage in order to free the land from the lien thereof, and seeks to be substituted in the place of the creditor in relation to the debt paid by him,—here, specifically to the benefit of the stock pledged by the debtor to the creditor as an additional security for the payment of the debt. To this the appellees are entitled

under the equitable principle of subrogation, provided subrogation to the right of the Federal Land Bank to this corporate stock pledged to it by Haraway is necessary "for the doing of complete, essential, and perfect justice between" them and Haraway whose debt they have paid. Robinson v. Sullivan, 102 Miss. 581, 59 So. 846; Prestridge v. Lazar, 132 Miss. 168, 95 So. 837; Ellis-Jones Truck Co. v. Coker, 156 Miss. 775, 125 So. 826, 127 So. 283. Or, to express it differently, the appellees are entitled to the claimed subrogation, provided that not to grant it would result in the debtor, Haraway, or his successors in right, becoming unjustly enriched by the retention of the benefit (here the release of the corporate stock) conferred on the debtor, Haraway, by the appellees' payment of his debt. Rest. Restitution, sec. 162. Tested by either of these rules, which are, in effect, the same, the appellees did not become subrogated to the right of the Federal Land Bank to this corporate stock, and, therefore, it did not hold it in trust for them. While the debt paid by the appellees was Haraway's obligation, which obligation was not to them but to the Federal Land Bank, the appellees had the right to pay the debt in order to clear their land from the lien or mortgage securing it, and, therefore, were not volunteers in so doing, so that the only inquiry here is,—did the appellees suffer any financial loss by paying this debt of Haraway's? The answer to this question would appear in the answer to the further question—is the aggregate of the $3,000 paid by the appellees for the land and the $4,188.80 paid by them to the Federal Land Bank to clear it from the lien of the bank's mortgage thereon more than the value of the land? In other words, have the appellees been forced to pay more than the value of the land for a clear title thereto by Haraway's failure to pay his debt to the Federal Land Bank? On that question the record is silent, for the value of the land, the burden of proving which was on the appellees, nowhere appears therein.

The decree of the court below will be reversed and the appellees' bill of complaint will be dismissed.

So ordered.

ON SUGGESTION OF ERROR.

**Roberds, J.,** delivered the opinion of the court on suggestion of error.

Appellees suggest that we remand this cause for the lower court to determine whether the fund in question should be retained by appellants or. that appellants be held liable therefor for the general. creditors of A. M. Haraway, deceased. Of course, the opinion herein only adjudicated, and was confined to, the issues and parties involved in this proceeding. The bill was filed by appellees, who had the burden of showing liability to them on the part of appellants. Whether the creditors generally, including appellees, by general creditors bill or by reopening the administration, or other proceeding, can establish liability against appellants, or any one else, for the money in controversy is not involved on this appeal. Suggestion of error overruled.