## HUNTER *v.* JENNINGS.

4-9113                                                     227 S. W. 2d 946

Opinion delivered March 20, 1950.

*Ras Priest,* for appellant.

*Wesley H. Bengel,* for appellee.

Ed. F. McFaddin, Justice. This case originated as a replevin action, filed in the Circuit Court by the First National Bank in Tuckerman (hereinafter called "Bank") against C. C. Jennings, seeking to recover possession of a Ford truck. Jennings made C. H. Hunter and Pete Brannon cross-defendants and had the cause transferred to the Chancery Court. Hunter filed a general denial; Brannon filed no pleading but appeared and testified. The trial in Chancery developed the following facts:

Hunter, a used car dealer, owned a Ford truck, which Brannon desired to test preparatory to possible purchase. On September 30, 1948, Brannon signed a "paper" which he thought was a temporary receipt for the car, but which now develops to have been a title retaining note for $613 with payment due November 1, 1948. After testing the truck a few days, Brannon purchased it from Hunter and made payment in full, but failed to demand the return of the "paper" he had signed. On October 12, 1948, Hunter endorsed in blank the $613 title note and negotiated it to the Bank.

Some time in October, 1948, Brannon, believing and representing that he had fully paid for the Ford truck, traded it to Jennings for $1,000 credit on the purchase of a Chevrolet truck. He disposed of the Chevrolet, and is now insolvent. Upon maturity of the $613 title note, the Bank instituted this replevin action, as heretofore stated. The Chancery Court decreed:

(a)—That the Bank recover the Ford truck from Jennings, unless the Bank be paid the $613 note, plus interest and cost; and

(b)—That if the Bank be not so paid by Hunter and the truck be taken from Jennings, then Jennings should recover judgment against Brannon for $1,000 (the amount Jennings allowed for the Ford truck), and also[1] that Jennings should recover judgment against Hunter for $1,000.

Hunter has appealed from the $1,000 judgment rendered against him in favor of Jennings; and the correctness of that judgment is the sole issue on this appeal.

---

[1] The decree contemplates, of course, that Jennings will have only one satisfaction of the $1000 judgment.

The application of the equitable doctrine of subrogation entitles Jennings to a judgment against Hunter for the $613, plus interest and costs, if the Ford truck be taken from Jennings, since the truck would belong to Jennings, except for the said title note. If the Ford truck be taken from Jennings by the Bank, the situation will be the same as if Jennings, without being a volunteer, had paid the claim which the Bank held against Hunter as endorser of the note; and Jennings would then stand in the place of the Bank to enforce its endorsement claim against Hunter. In *Home Insurance Co.* v. *Lack,* 196 Ark. 888, 120 S. W. 2d 355, in speaking of the extent of the doctrine of subrogation, we said:

"As a general rule any person who, pursuant to a legal obligation to do so, has paid even indirectly for a loss or injury resulting from the wrong or default of another, will be subrogated to the rights of the creditor or injured person against the wrongdoer or defaulter."

In *Jansen* v. *Perrin,* 179 Ark. 927, 19 S. W. 2d 1105, we applied subrogation in a matter involving real estate; and the principle of subrogation, recognized in our cases as to real estate, has also been applied to personal property. In 60 Corpus Juris 790, in the discussion of subrogati·n, this appears:

"A purchaser of chattels, encumbered by a deed of trust, on being compelled to discharge the lien in order to protect his interest, is not a mere volunteer, and is entitled to be subrogated to the rights of the holder of the trust deed."

The Mississippi case of *Ellis-Jones Drug Co.* v. *Coker,* 156 Miss. 775, 125 So. 826, 127 So. 283, fully supports the quoted text.

In *Gerseta Corp.* v. *Equitable Trust Co., et al.,* 241 N. Y. 418, 150 N. E. 501, 43 A. L. R. 1320, the New York Court of Appeals held that one, who purchased goods from an insolvent and was later compelled to make further payment therefor to the bank which held title to the goods, was entitled to be subrogated to the rights of the bank in

other collateral held by it against the insolvent debtor. This language shows the basis of the holding:

"Subrogation, an equitable doctrine taken from the civil law, is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability."

In the case at bar, Jennings, in surrendering the car to the Bank, becomes entitled to be subrogated to the Bank's right to hold Hunter as endorser on the $613 title note. The case was transferred to equity to avoid a multiplicity of suits; and on the principle of subrogation, the Chancery Court was correct in rendering the judgment in favor of Jennings against Hunter, if Hunter fails to pay the note and thus allows the car to be taken from Jennings. The Chancery Court rendered judgment in favor of Jennings and against Hunter for $1,000, but this judgment should only have been for $613 and interest (as stated in the note held by the bank) and costs. To that extent only the decree is modified: in all other respects it is affirmed; and the costs of this appeal are taxed against Hunter.