405 So.2d 1043 (1981)
J.D. PRICE, Appellant,
v.
E.R. SCHARPS, Appellee.
No. 81-342.
District Court of Appeal of Florida, Third District.
November 10, 1981.
Colodny & Fass and James H. Greason, North Miami, for appellant.
Mark W. Kay, Miami, for appellee.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
*1044 SCHWARTZ, Judge.
The appellee Scharps, the owner of a thoroughbred mare named Miss Vertex, agreed to pay a $5000 stud fee to Farnsworth Farms for the services of its stallion, Diplomat Way. The sum was payable upon the birth of a live foal. After Miss Vertex became in foal, Scharps sold her to Breezyhill Farms, with the agreement that he would remain liable for the $5000. Breezyhill then conveyed the mare to the appellant Price. Although Miss Vertex in fact subsequently delivered a foal, Scharps did not pay the stud fee to Farnsworth. Price, however, did and thereafter brought this action to recover the $5000 from Scharps. His second amended complaint was dismissed with prejudice and he appeals.
We reverse because the complaint stated a cause of action on the theory that Price was subrogated to Farnsworth's claim against Scharps.[1] Equitable subrogation affords relief in essentially every situation in which a non-volunteer pays a debt or discharges an obligation which in good conscience should have been met by another. Trueman Fertilizer Co. v. Allison, 81 So.2d 734 (Fla. 1955); Rebozo v. Royal Indemnity Co., 369 So.2d 644 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1979), and cases cited. The principle has clear application to this situation. Scharps had the primary, indeed the exclusive obligation for the stud fee, and gained personal benefit from those services in the form of a presumably increased price for the sale of Miss Vertex while in foal. It is therefore obviously fair and equitable that he should remain responsible for the $5000 fee.
On the other hand, Price was plainly not a "mere volunteer" in making the payment himself. By virtue of Section 713.70, Florida Statutes (1979), Farnsworth held a lien for the stud fee on both Miss Vertex and the foal, which Price, as their owner, had a direct interest in discharging.[2] It is well settled that
[a] purchaser of property on which there is an encumbrance is not a volunteer in discharging the encumbrance, and, where he is not primarily obligated to pay the encumbrance, and justice and equity require it, he may be subrogated to the rights of the holder of the encumbrance.
83 C.J.S. Subrogation § 32 (1953). This principle applies both to realty, McDermott v. Steck Co., 138 S.W.2d 1106 (Tex.Civ.App. 1940) and, as here, to chattels. Hunter v. Jennings, 216 Ark. 886, 227 S.W.2d 946 (1950) (purchaser of truck subrogated to bank's rights after payment of prior owner's note); Ellis-Jones Drug Co. v. Coker, 156 Miss. 775, 125 So. 826 (1930) (purchaser of stock of goods not a volunteer and entitled to subrogation for payment of mortgage). It requires reversal of the order below.
Reversed.
NOTES
[1] We agree that the counts based on assignment, amount stated, and open account were properly dismissed.
[2] Scharps relies on the possibility that Price may have paid Farnsworth before the foal was actually born and therefore before the appellee was obliged to make payment. Since the foal was in fact born, however, this circumstance, even if true, would have no effect upon Scharps' liability to Price, as the one who paid a debt for which he was primarily liable.