PER CURIAM.
First NLC Financial Services, LLC., appeals a final summary judgment in favor of second-mortgagees Jose and Kina Altami-rano in First NLC’s action to establish and foreclose on an equitable lien. We reverse.
We agree with First NLC that it has adequately asserted its entitlement to an equitable lien. First NLC argued that imposition of an equitable lien was appropriate to the extent that its funds were used to satisfy the first mortgage and property tax hen on the property. Courts have not hesitated to impose equitable hens where equity deems it proper. Palm Beach Sav. & Loan Ass’n, F.S.A. v. Fishbein, 619 So.2d 267, 270 (Fla.1993). In this case, the equitable hen can be imposed to prevent unjust enrichment because First NLC paid off a debt that would otherwise have to be paid on the property. Fishbein, 619 So.2d at 271 n. 3; Radison Props., Inc. v. Flamingo Groves, Inc., 767 So.2d 587 (Fla. 4th DCA 2000). Any other holding would grant the Altamiranos a windfall to which they are not entitled.
Reversed.