SCHWARTZ, Chief Judge.
Royal (Royal Administration Inc. and The Royal Company for Life and Health Insurance, Inc.) was the administrator of an international health insurance program provided by Sterling Investors Life Insurance Company to South American insureds. Sterling’s obligations were, in turn, reinsured with five reinsurers, including the two present appellees, Hann-over Life Reassurance Company of America and ReliaStar Life Insurance Company. Acting both as administrator and agent of Sterling and pursuant to its agreements with Sterling, Royal itself paid almost $1,000,000 in claims which Sterling had insured. It then sought reimbursement both from Sterling and the reinsurers which both declined — Sterling, on the ground that the reinsurers were *1245 responsible and should pay; and the rein-surers, on the ground that they did not have to pay until Sterling itself did.[1] Faced with this expensive dilemma, Royal sued both Sterling and all the reinsurers. While the case continues — now in arbitration — as against Sterling and the other reinsurers, the trial judge dismissed Royal’s complaint as against the present ap-pellees Hannover and ReliaStar[2] for failure to state a cognizable, direct cause of action against them. We reverse on the sole ground that the complaint properly stated a claim that Royal was equitably subrogated to Sterling’s rights against the reinsurers-.[3]
It seems clear to us that each of the elements of equitable subrogation are present in this case. As we said in DeCespedes v. Prudence Mutual Casualty Company, 193 So.2d 224, 227 (Fla. 3d DCA 1966), affirmed, 202 So.2d 561 (Fla.1967):
Subrogation is a ‘creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it....’
In this case, it is appropriately alleged that the plaintiff, acting pursuant to its obligations under its agreements with Sterling, and thus not as a volunteer, see American Nursing Resources, Inc. v. Forrest T. Jones & Co., Inc., 812 S.W.2d 790 (Mo.Ct.App.1991); Baker v. Fargo Building & Loan Ass’n, 64 N.D. 317, 252 N.W. 42 (1933) (which would have precluded a subrogation claim, see Dade County School Brd. v. Radio Station WQBA, 731 So.2d 638 (Fla.1999)), paid the insureds amounts which the reinsurers were themselves ultimately obliged to pay Sterling. See Doherty v. Songer, Inc., 195 F.3d 919 (7th Cir.1999); Spring Constr. Co. v. Harris, 614 F.2d 374 (4th Cir.1980); Amalgamated Casualty Ins. Co. v. Winslow, 135 F.2d 663 (D.C.Cir.1943); Federal Land Bank v. Godwin, 107 Fla. 537, 145 So. 883 (1933); First NLC Fin. Servs. v. Altamirano, 847 So.2d 516 (Fla. 3d DCA 2003); Suntrust Bank v. Riverside Nat’l Bank, 792 So.2d 1222 (Fla. 4th DCA 2001), review denied, 821 So.2d 300 (Fla.2002); Wolf v. Spariosu, 706 So.2d 881 (Fla. 3d DCA 1998), dismissed (Fla.1998); In re Forfeiture of United States Currency in the Amount of Ninety-One Thousand Three Hundred Fifty-Seven and 12/100 Dollars, 595 So.2d 998 (Fla. 4th DCA 1992), review denied, 601 So.2d 552 (Fla. 1992); Eastern Nat’l Bank v. Glendale Fed. Sav. & Loan Ass’n, 508 So.2d 1323 (Fla. 3d DCA 1987); Price v. Scharps, 405 So.2d 1043 (Fla. 3d DCA 1981); Federal Ins. Co. v. Arthur Andersen, 75 N.Y.2d 366, 552 N.E.2d 870, 553 N.Y.S.2d 291 (1990); see also Holyoke Mut. Ins. Co. v. Concrete Equip. Inc., 394 So.2d 193 (Fla. 3d DCA 1981)(subrogee like plaintiff may *1246 maintain action in own name as real party in interest), review denied, 402 So.2d 609 (Fla.1981).
Moreover, contrary to the appellees’ protestations, we see nothing in the reinsurance context which calls for an exception to this general and salutary rule.[4] There is no doubt that Sterling has direct, enforceable rights against the reinsurers— which indeed, it has asserted in this action. The reinsurance world will surely not — as the appellees portentously threaten — come to an end if the plaintiff is permitted to assert those rights against the reinsurers in its own name.[5] See Holyoke.
It is true that as a subrogee, Royal succeeds to the burdens of Sterling’s “treaties” with the reinsurers, as well as to their benefits. See Cleary Bros. Constr. Co. v. Upper Keys Marine Constr. Inc., 526 So.2d 116 (Fla. 3d DCA 1988), review denied, 534 So.2d 402 (Fla.1988); Jones v. Bradley, 366.So.2d 1266 (Fla. 4th DCA 1979). In this case, the impediments include the contractual requirement (which started all the trouble in the first place) that the reinsurer is liable only when it is presented with an appropriate record of insured payments actually made by Sterling.[6] We think, however, that the complaint adequately alleges that this condition was satisfied by Royal’s having provided the reinsurers with lists of specific payments it made as Sterling’s agent and on its behalf.[7]
For these reasons, the order dismissing the complaint as against the appellees is reversed for further proceedings.[8]
Reversed and remanded.

. It relied on the following provision of the reinsurance "treaties”:
2.All claim losses paid by the Reassured, including compromise, ex gratia and arranged settlements, provided such losses are within the conditions of the original Policy and/or Contract and within the terms of this agreement, shall under all circumstances be binding upon the Reinsurer in proportion to its liability.

. The order also dismissed the claim as against European Speciality Reinsurance (Ireland) LTD, which was an original appellee, but has since settled with Royal.

.Although it is unnecessary directly to so hold, we tend to disagree with the alternative theories advanced by Royal to support a direct action against the reinsurers. See, e.g., § 624.610(9), Fla. Stat. (2002)(generally no direct action by insured against reinsurer); but see Koken v. Legion Ins. Co., No. 183 MD 2002, - A.2d -, 2003 WL 22071555 (Pa.Commw. Ct. filed June 26, 2003).

. The authorities upon which they rely, see § 624.610(9), Fla. Stat. (2002); McDonough Constr. Corp. v. Pan Am. Sur. Co., 190 So.2d 617 (Fla. 1st DCA 1966), deal primarily with attempts to gain preferences in the reinsurance by proceeding directly against the rein-surer when the primary insurer has become insolvent.

. Our confidence in this statement is reinforced by the fact that the other reinsurers, which stood in exactly the same position as the two holdouts now before us, have agreed to the maintenance of Royal’s action against them.

. See supra note 1.

. Of course, the appellees are free to contend otherwise below.

. Royal also complains of an order denying its motion to stay the action against the present appellees pending the arbitration in progress against the other reinsurers. We deem it appropriate to vacate this order for further review by the trial court in light of our decision on the merits and of the status of the proceedings at the time of remand.